DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Daryle Dean, appeals from a the Summit County Court of Common Pleas jury verdict convicting him of inducing panic, a fourth degree felony. We affirm.
 I. {¶ 2} On February 26, 2003, at 9:02 PM, a radio dispatcher working in the Akron Police Department received a telephone call on a non-emergency inbound line; the male caller stated that on February 27, 2003, at 11:00, a bomb would be delivered to the Akron Police Department. The caller spoke no other words. Using telephone company records, investigators traced the call to a cellular telephone belonging to Appellant. The state charged Appellant with inducing panic pursuant to R.C. 2917.31. The matter proceeded to a jury trial, resulting in a conviction on the charge. The trial court sentenced Appellant to one year in prison. Appellant has appealed, raising two assignments of error.
 II. Assignment of Error No. 1
"The appellant was not afforded the right of effective assistance of counsel, as guaranteed by the sixth amendment of the united states constitution, because trial counsel failed to object to hearsay testimony regarding an element within the charge of inducing panic."
 {¶ 3} In his first assignment of error, Appellant argues that his trial counsel was ineffective for failing to object to hearsay testimony from a police officer on a matter going to the elements of the crime. The complained of testimony was delivered by Det. Stan Smith from the Akron Police Department. While on the stand, Det. Smith, in response to a question regarding how many people were evacuated as a result of the bomb threat, responded,
"I don't have the exact number, but I was told — and there again, I don't have the exact number, but I was told a great majority of the employees from the county side [of the building complex] did depart for the day * * * [f]or the full day. They — they arrived obviously that morning, were alerted and told of the potential threat, and by 11:00 * * * the majority of the personnel from the county side had departed and did not return."
 {¶ 4} The Sixth Amendment guarantees the right to effective assistance of counsel to each defendant. Courts use a two step process in determining whether a defendant's right to effective assistance of counsel has been violated.
"First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v. Washington (1984),466 U.S. 668, 687, 80 L.Ed.2d 674.
 {¶ 5} In order to demonstrate prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691.
 {¶ 6} The court must analyze the "reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland, 466 U.S. at 690. First, the defendant must identify the acts or omissions of his attorney that he claims were not the result of reasonable professional judgment. Then, the court must decide whether counsel's conduct fell outside the range of that which is considered professionally competent. Strickland,466 U.S. at 690. There is a strong presumption that counsel's performance was adequate. State v. Smith (1985), 17 Ohio St.3d 98, 100.
 {¶ 7} R.C. 2917.31 states:
"(A) No person shall cause the evacuation of any public place, or otherwise cause serious public inconvenience or alarm, by doing any of the following:"
"(1) Initiating or circulating a report or warning of an alleged or impending fire, explosion, crime, or other catastrophe, knowing that such report or warning is false[.]"
 {¶ 8} Appellant's argument states that Det. Schmidt testified that he was told how many people were evacuated and that statement is inadmissible hearsay. Assuming, arguendo, that Appellant is correct, under Strickland, Appellant must demonstrate that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. A review of the transcript demonstrates that, earlier in his testimony, Det. Schmidt stated that after the call came in, the police department notified the other agencies in the buildings and "I acknowledged that those employees of the Prosecutor's Office and office personnel within the county building did leave, because they were given that option." It is unclear from the transcript if this testimony came from Det. Schmidt's own observations; however, it may well have and, in any case, would have been easily verified by other witnesses. Moreover, Det. Schmidt's testimony that he was told that "a great majority of employees" evacuated is irrelevant to the charge; the statute does not require that the state prove the number of evacuees. Furthermore, the officer testified that, while he wasn't told the exact number of evacuees, "by 11:00 * * * the majority of the personnel from the county side had departed." This testimony also could have derived from his direct observation and could have been supported by other witnesses. Therefore, counsel's failure to object to the testimony does not fall outside the range of that which is considered professionally competent. Additionally, because Appellant cannot demonstrate prejudice, Appellant has not shown that his attorney made errors so serious that the attorney was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Appellant's first assignment of error is overruled.
 Assignment of Error No. 2
"The appellant was not afforded the right of effective assistance of counsel, a right guaranteed by the sixth amendment of the united states constitution, because trial counsel failed to object to irrelevant testimony or request a limiting instruction regarding additional criminal charges which were pending against the appellant at the time of the offense in the case at hand."
 {¶ 9} Here, Appellant argues that the testimony regarding his three pending court cases was irrelevant, inadmissible, and highly prejudicial, and his attorney's failure to object constituted ineffective assistance of counsel. Appellant argues, alternatively, that his attorney should have requested a limiting instruction to the jury on the pending charges and failure to do so also constituted ineffective assistance of counsel. Appellant was scheduled to appear in the Akron Municipal court for a pretrial proceeding on February 26, for two pretrials on February 27, and for an arraignment on February 28, 2003, all dealing with various criminal charges. The police department, which shares the building with the Akron Municipal Courts, received the bomb threat on February 26, 2003.
 {¶ 10} Evid.R. 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 404(B) prohibits evidence of other crimes, wrongs, or acts unless the evidence is offered to demonstrate motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. In the instant case, Appellant's numerous scheduled court appearances on criminal charges are relevant and admissible as to motive. Therefore, counsel's failure to object to the relevancy or admissibility of the testimony does not fall outside the range of that which is considered professionally competent.
 {¶ 11} Furthermore, we do not agree that the testimony, under Evid.R. 403(A), was more prejudicial than probative. Evid.R. 403(A) excludes relevant evidence where the probative value of the evidence is substantially outweighed by its prejudicial effect. That the evidence prejudiced Appellant is without doubt; however the probative value regarding motive outweighs the prejudice. Because the evidence was admissible, there was no reason to object to the testimony and an objection would not have resulted in a different outcome.
 {¶ 12} As to a limiting instruction, Appellant does not argue that the jury instructions were erroneous; however Appellant maintains that failure to ask for a limiting instruction is error so serious as to constitute ineffective assistance of counsel. Appellant does not suggest what language the limiting instruction should have contained, how it would have cured any prejudice, or what authority compels a limiting instruction under these facts. The Strickland hurdle is high; Appellant has not demonstrated with this argument that he is entitled to relief under any prong of Strickland.
 {¶ 13} Appellant's second assignment of error is overruled.
 III. {¶ 14} Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
Slaby, J., Batchelder, J., concur