DECISION AND JOURNAL ENTRY
{¶ 1} Defendant, Tony Eagle, appeals from the judgment of the Wayne County Common Pleas Court finding him guilty of one count of rape under R.C. 2907.02, and one count of gross sexual imposition under R.C. 2907.05. We affirm.
 {¶ 2} On June 4, 2003, the Wayne County Grand Jury indicted Defendant on one count of rape and one count of gross sexual imposition. A jury trial ensued. The jury found Defendant guilty of both counts. The trial court sentenced Defendant to a five year prison term on the rape charge and a three year term for the gross sexual imposition charge, with the sentences to be served concurrently. The court also found Defendant to be a sexually oriented offender. Defendant timely appealed and raises five assignments of error for our review.
 ASSIGNMENT OF ERROR I
"[Defendant] did not receive effective assistance of counsel, in contravention of U.S. Const. Amend. VI and XIV, and Ohio Const. Art. I, Sec. 10."
 {¶ 3} In his first assignment of error, Defendant argues several reasons why his attorney failed to provide him with effective assistance of counsel at trial. Specifically, Defendant complains his counsel failed to do the following: request a jury instruction on a coma or blackout, object to the instruction on the definition of rape and gross sexual imposition, thoroughly cross-examine a twelve-year-old witness on issues of credibility, object to the testimony of the same twelve-year-old witness, demand the qualification or disqualification of experts, object to expert testimony on the issue of witness credibility and, finally, object to prejudicial history.
 {¶ 4} This court employs a two step process in determining whether a defendant's right to effective assistance of counsel has been violated. Strickland v. Washington (1984),466 U.S. 668, 687, 80 L.Ed.2d 674. First, the court must determine whether there was a "substantial violation of any of defense counsel's essential duties to his client." State v. Calhoun,86 Ohio St.3d 279, 289, 1999-Ohio-102. "This requires a showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by theSixth Amendment." Id.
 {¶ 5} Second, the defendant must show that the deficient performance of counsel prejudiced the defense. State v. Bradley
(1989) 42 Ohio St.3d 136, paragraph two of the syllabus. Prejudice exists where there is a reasonable probability that the outcome of the trial would have been different but for the alleged deficiencies of counsel. Bradley at paragraph 3 of the syllabus. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland 466 U.S. at 687. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id at 691.
 {¶ 6} This court need not address both elements in any particular order — if we find that there was no prejudice to Defendant by defense counsel's acts, we need not address whether defense counsel's acts were actually deficient. See Bradley,42 Ohio St.3d at 141. In this case, we find that Defendant has failed to show that prejudice resulted from trial counsel's acts.
 {¶ 7} First, Defendant's argument that his attorney failed to request a jury instruction on coma or blackout is irrational. Defendant states that his only defense to the charges was his claim that he was asleep when the sexual acts were initiated by his eleven-year-old daughter. The jury heard this evidence, as well as the conflicting evidence related to Defendant being awake and alert at the time of the sexual misconduct. This court finds that Defendant's defense is absurd and the evidence contradicts his defense.
 {¶ 8} An attorney does not have to raise an absurd defense. An attorney's decision not to request a particular jury instruction is a matter of trial strategy and does not establish ineffective assistance of counsel. State v. Fisk, 9th Dist. No. 21196, 2003-Ohio-3149, at ¶ 9. See also State v. Hill,73 Ohio St.3d 433, 443, 1995-Ohio-287. We find that Defendant's first argument lacks merit.
 {¶ 9} Defendant next complains that his attorney failed to object to the words `conduct' and `purpose' as used in the jury instruction on gross sexual imposition. This court believes that the jury was perfectly capable of separating the uses of the words purpose and conduct in different contexts. The definitions of rape and gross sexual imposition that the Court gave to the jury came directly from the standard Ohio Jury Instructions. The Defendant does not suggest what language the jury instructions should have contained, how it would have cured any prejudice, or what authority compels using different instructions under these facts. State v. Dean, 9th Dist. No. 21613, 2004-Ohio-1415 at ¶ 12. "The Strickland hurdle is high; [Defendant] has not shown with this argument that he is entitled to relief under any prong of Strickland. Id.
 {¶ 10} Defendant's third argument, that his counsel failed to cross examine twelve-year-old Rita Chupp thoroughly, and his fifth argument, that counsel failed to object to the testimony of Rita Chupp, can be considered together. Defendant claims that counsel's failure to thoroughly cross-examine and to object all together to Ms. Chupp's testimony was a sub-standard legal practice sufficient to undermine confidence in the outcome. This court disagrees.
 {¶ 11} Rita Chupp was a friend of the victim who corroborated the victim's claim that Defendant had solicited sexual activity from both of them. Defendant's trial counsel could not have successfully prevented Ms. Chupp from testifying by objecting. The evidence she gave was admissible as evidence of Defendant's motive, intent, preparation or plan to engage in sexual conduct with the victim. Evid.R. 404(B). Accordingly, trial counsel did not err in failing to object to such testimony, nor was it an error to limit the cross-examination of Ms. Chupp. "Trial counsel need not cross-examine every witness; indeed, doing so can backfire." State v. Otte, 74 Ohio St.3d 555, 565,1996-Ohio-108. "The strategic decision not to cross-examine witnesses is firmly committed to trial counsel's judgment[.]" Id. See, also, State v. Brown (1988), 38 Ohio St.3d 305, 319. In this case, trial counsel did cross examine Rita Chupp. Defendant's argument is that his counsel did not cross-examine the twelve-year-old rigorously enough. This Court believes that trial counsel was justified in being cautious about the possible effects of further cross-examination. Consequently, we find no merit in Defendant's third and fifth arguments.
 {¶ 12} Defendant next claims that he was denied effective assistance of counsel because his counsel failed to demand qualification or disqualification of experts. As underlined more fully in the discussion of Defendant's second assignment of error below, this court finds that trial counsel did not err by failing to demand qualification or disqualification of the experts, nor was the trial court required to specifically make such a ruling. Therefore, no claim of ineffective assistance of counsel can be based upon this claim.
 {¶ 13} Defendant next claims that his counsel was ineffective because he failed to object to expert testimony on the issue of witness credibility. Defendant takes issue with Nurse Abbot's statement that the victim's behavior was consistent with behavior observed in sexually abused children. First, Nurse Abbot was not passing judgment on the victim's credibility, rather she was basing her conclusions on the child's history. "An expert witness's testimony that the behavior of an alleged child victim of sexual abuse is consistent with behavior observed in sexually abused children is admissible under the Ohio Rules of Evidence."State v. Stowers, 81 Ohio St.3d 260, 261, 1998-Ohio-632. Second, Defendant's trial counsel did object to the testimony, so Defendant cannot base his argument of ineffective assistance of counsel on failure to object.
 {¶ 14} Defendant's seventh and final argument in support of his claim that his trial counsel was ineffective is that trial counsel erred in failing to object to prejudicial history. Six witnesses gave testimony as to the victim's identification of her father as the perpetrator of the sexual abuse committed against her. Defendant argues that the testimony should have been excluded as inadmissible hearsay. This court disagrees.
 {¶ 15} A trial court has broad discretion in determining whether a child's out-of-court declaration is admissible as a hearsay exception. State v. Dever, 64 Ohio St.3d 401, 410,1992-Ohio-41. Evid.R. 803(4) creates an exception to the hearsay rule for statements made for purposes of medical diagnosis and treatment. "In making this determination, a trial court must consider the circumstances surrounding the child's out-of-court statement to determine if it was made to a medical professional for the purposes of diagnosis or treatment." In re Corry M.,
(1999), 134 Ohio App.3d 274, 282.
 {¶ 16} In this case, the testimony of medical professionals regarding the victim's identification of her father as the sexual perpetrator were properly admitted. Dr. Robin Tennor testified that she saw the victim for the purpose of providing a diagnostic assessment to determine whether she had any mental health disorders that might require further treatment. In the course of the diagnostic assessment, the victim identified her father as the sexual perpetrator. Nurse Abbott, who conducted the hospital medical exam of the victim, also testified that the victim identified her father as perpetrator. Finally, Elizabeth Morstatter, a hospital social worker, testified that the victim identified the defendant as the perpetrator during the victim's admission to the Akron Children's Hospital. As such, the interviews with Dr. Tennor, Nurse Abbott and Ms. Morstatter were for the purpose of diagnosis and treatment pursuant to Evid.R. 803(4), and Defendant's trial counsel did not err in failing to object to such testimony.
 {¶ 17} Defendant has failed to show that he received ineffective assistance of counsel in violation of his constitutional rights. Defendant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"The court erred to the prejudice of the [Defendant] by allowing" expert" witnesses to testify without making a finding as to their alleged expertise."
 {¶ 18} In his second assignment of error, Defendant argues that he was prejudiced when the trial court permitted expert witnesses to testify without making a specific finding as to their expertise. Pursuant to Evid.R. 104(A), the trial court determines whether an individual qualifies as an expert, and that determination will be overturned only for an abuse of discretion.State v. Baston, 85 Ohio St.3d 418, 423, 1999-Ohio-280. The issue arises from the testimony of Dr. Tenner, Ms. Morstatter and Nurse Abbott.
 {¶ 19} Donna Abbott, a pediatric nurse practitioner, has been employed by the Akron Children's Hospital for the past fourteen years. Specifically, she works in a unit called the CARE Center, a clinic within the hospital that evaluates children that present with suspicions or allegations of abuse. She has been a registered nurse for twenty-seven years, a nurse practitioner for twenty-two years, and licensed and certified for that length of time. She testified that the results of the physical exam that she conducted on the victim were consistent with the description of sexual abuse given by the victim.
 {¶ 20} Elizabeth Morstatter has been a licensed social worker for the Akron Children's Hospital for the past fifteen years. She is assigned full time to the emergency department and to the CARE Center. CARE stands for children at risk evaluation center. She testified that the victim identified her father as the perpetrator of the sexual abuse and as to some of the circumstances surrounding the abuse.
 {¶ 21} Finally, Dr. Robin Tenner is the founder and executive director of Northeast Ohio Behavioral Health and is also a licensed clinical psychologist. She has been treating sexually abused children since 1987. Dr. Tenner testified as to the victim's responses to testing, her identification of her father as the perpetrator and her mental state.
 {¶ 22} The three witnesses qualify as expert witnesses under Evid.R. 702(B) which provides that a witness is qualified as an expert "by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony[.]' While the state never formally tendered Nurse Abbot, Ms. Morstatter, or Dr. Tenner as experts, Defendant's counsel never objected or challenged their qualifications to testify. Thus, Defendant waived all but plain error. Crim.R. 52(B); State v. Baston,85 Ohio St.3d 418, 423, 1999-Ohio-280. We find no plain error and find that the witness' experience in the field of sexually abused children qualified each of them to testify at trial. Defendant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR III
"The verdict was against the manifest weight of the evidence."
 {¶ 23} In this third assignment of error, Defendant argues that his convictions were against the manifest weight of the evidence. Specifically, Defendant alleges that the evidence offered at trial contained discrepancies. We disagree.
 {¶ 24} When a defendant maintains that his conviction is against the manifest weight of the evidence,
"[A]n appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether, in resolving conflicts in the evidence, the trier or fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986),33 Ohio App.3d 339, 340.
This court may only invoke the power to reverse based on manifest weight in extraordinary circumstances where the evidence presented at trial weighs heavily in favor of a defendant. Id.
 {¶ 25} R.C. 2907.02 (A)(1) defines rape as sexual conduct with another who is not the spouse of the offender and is either less than thirteen years of age or the victim's ability to resist or consent is substantially impaired because of a mental or physical condition. Gross sexual imposition is defined by R.C. 2908.05 as sexual contact with another who is not the spouse of the offender.
 {¶ 26} The victim testified that the defendant had "humped" her, that he touched her "private part" with his "private part," he told her to touch his "private part" with her hand, and she moved it until "cum came out." She also testified that he made her touch his "private part" with her mouth. Defendant denied that he had perpetrated any sexual activity with his daughter, saying that she had initiated sexual conduct with him while he was sleeping.
 {¶ 27} After reviewing the evidence, we cannot say that the verdict was against the manifest weight of the evidence. While the State and Defendant introduced conflicting testimony as to whether Defendant was asleep at the time of the sexual conduct, the mere fact that the jury chose to believe the testimony of the prosecution's witness does not render a verdict against the manifest weight. State v. Moore, 9th Dist. No. 03CA0019, 2003-Ohio-6817, at ¶ 18. We overrule Defendant's third assignment of error.
 ASSIGNMENT OF ERROR IV
"The court erred to the prejudice of [Defendant] by not complying with requirements of [Evid.R.] 807, thus violating [Defendant's] rights under U.S. Const. Amend. VI, XIV, and Ohio Const. Art. I, Sec. 10."
 {¶ 28} In his fourth assignment of error, Defendant alleges that he was prejudiced when the he trial court permitted various witnesses to testify as to the victim's identification of her father as her sexual abuser. Defendant claims that the statements pertaining to the identification of Defendant are inadmissible hearsay under Evid.R. 807. This court disagrees.
 {¶ 29} Evid.R. 807 does provide exceptions to the hearsay rule. Exceptions also exist, however, in Evid.R. 803 and 804. A statement must fall within only one of the rules to be admissible hearsay. It is not necessary, as Defendant alleges, for a statement to meet the requirements of Evid.R. 807 if it can come in under another exception to hearsay. In re Coy (1993),67 Ohio St.3d 215 at 219.
 {¶ 30} Questions regarding the admissibility of evidence are determinations left to the sound discretion of the trial court.State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. An appellate court should not interfere with the determination of the trial court absent an abuse of discretion.State v. Hymore (1967), 9 Ohio St.2d 122, 128. An abuse of discretion is more than a mere error of judgment, but rather demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd.,66 Ohio St.3d 619, 621, 1993-Ohio-122.
 {¶ 31} Evid.R. 801(C) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." In general, hearsay is inadmissible unless an exception applies such as those found in Evid.R. 803(4) and 807.
 {¶ 32} Evid.R. 803(4) makes an exception to the hearsay rule for statements that were made for the purposes of medical diagnosis or treatment. Under Evid.R. 803(4), even where a declarant is available to testify, a hearsay statement by that declarant is admissible if the statement was:
"made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonable pertinent to diagnosis or treatment."
 {¶ 33} Statements made by a child identifying the perpetrator are admissible under Evid.R. 803(4) as long as the statements are made for the purposes of medical diagnosis or treatment. Dever,64 Ohio St.3d 401, at paragraph two of the syllabus. In this case, three witnesses testified regarding statements the victim made to them for purposes of medical diagnosis and treatment. As discussed in the first assignment of error, the evidence given by Nurse Abott, Elizabeth Morstatter, a licensed social worker, and Dr. Robin Tenner, a clinical psychologist, are admissible under Evid.R. 803(4) since the statements were made by the victim to the three health care specialists for the purpose of diagnosis and treatment. Therefore, those statements were properly admitted without regard to any provisions of Evid. Rule 807. See In reCoy, 67 Ohio St.3d 215.
 {¶ 34} Since the statements of the three health care professionals regarding the victim's identification of her father as her sexual abuser were properly admissible under Evid.R. 803(4), Defendant cannot show how the court abused its discretion by admitting additional evidence pertaining to his daughter's identification of him. Defendant does not explain, and this Court does not perceive, where prejudice to the defendant or abuse of discretion by the court exists under these circumstances. The fourth assignment of error is not well taken.
 ASSIGNMENT OF ERROR V
"The trial court erred in excluding extrinsic evidence of a motive to misrepresent or other evidence admissible under Evid.R. 616."
 {¶ 35} In his final assignment of error, Defendant claims that the court erred in suppressing some of Mr. Ferrebee's testimony pertaining to a possible bias on the part of Mr. Ferrebee's daughter, Rita Chupp. Specifically, Defendant claims that the court wrongly curtailed testimony relating to whether or not Rita Chupp had ever accused her father of sexual abuse. Mr. Ferrebee was given an opportunity to answer the question and did, in fact, answer in the affirmative. The trial court permitted Mr. Ferrebee to give opinion and reputation evidence as permitted by Evid.R. 608, but correctly refused to allow testimony of specific instances of conduct.
 {¶ 36} Evid.R. 616(A) permits a witness to be impeached by a showing of bias, prejudice, interest, or any motive to misrepresent. Defendant has not demonstrated any motive to misrepresent facts or any bias on the part of Rita Chupp. Any allegations by Rita Chupp of sexual assault by her father, Mr. Ferrebee, are irrelevant to this case and even if proven would not show any bias or motivation to lie about events with Mr. Eagle or the victim. Accordingly, Defendant's final assignment of error is overruled.
 {¶ 37} We overrule Defendant's five assignments of error and affirm the judgment of the Wayne County Court of Common Pleas.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J., Batchelder, J., Concur.