DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Edward Davis, appeals from his conviction in the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} At approximately 3:20 a.m. on December 18, 2004, Summit County Sheriff's Deputies Ryan Knight and Adam Burke received a dispatch regarding a fight between two African-American males at the Lakeside Motel. The dispatch indicated that one of the men had struck the other with a hammer. Upon arrival, Deputy Knight observed an African-American male getting into a red Toyota. Because Deputy Knight believed that this individual, later identified as Edward Davis, matched the description of the suspect, he arrested the individual. While handcuffing the suspect, the deputy noticed that he was covered in blood.
 {¶ 3} Appellant told Deputy Knight that he came to the motel to meet a female and upon arrival, noticed his girlfriend's car at the motel. Appellant knocked on the door of the motel room located near his girlfriend's vehicle to find out why she was at the motel. Appellant claimed that Dezmond Pierce opened the door and attacked him with a toolbox and hammer. Appellant stated that he took the hammer from Mr. Pierce and used it to defend himself. Appellant also told Deputy Knight that he did not need treatment and that all the blood on him was from Mr. Pierce. Approximately five minutes after arriving at the motel, Deputy Knight found Mr. Pierce staggering at the motel office. Deputy Knight observed blood oozing out of Mr. Pierce's ear.
 {¶ 4} In December 2004, the trial court indicted Appellant on one count of felonious assault, a violation of R.C. 2903.11(A)(2), a felony of the second degree. Prior to trial, Appellant filed a motion in limine to preclude introduction of statements made by the alleged victim to medical personnel. Appellant contended that admission of this testimony would violate his Sixth Amendment Right of Confrontation. The trial court denied Appellant's motion and admitted the statements into the record.
 {¶ 5} A jury trial commenced on April 21, 2005. The jury returned a verdict on April 22, 2005, finding Appellant guilty of one count of felonious assault. On May 3, 2005, the trial court sentenced Appellant to two years in prison. Appellant timely appealed his conviction, raising three assignments of error for our review.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT ERRED IN ADMITTING TESTIMONIAL STATEMENTS OVER THE OBJECTION OF [APPELLANT] IN VIOLATION OF [APPELLANT'S] RIGHT TO CONFRONT ALL WITNESSES AGAINST HIM."
 {¶ 6} In his first assignment of error, Appellant contends that the trial court violated his right of confrontation. In this assigned error, Appellant contests the admission of testimony from (1) a paramedic and a physician regarding statements made by Mr. Pierce for purposes of medical treatment and (2) the admission of testimony regarding a dispatch an officer received that prompted him to respond to the Lakeside Motel.
 {¶ 7} A trial court possesses broad discretion with respect to the admission of evidence. State v. Maurer (1984), 15 Ohio St.3d 239, 265, certiorari denied (1985), 472 U.S. 1012. An appellate court will not disturb evidentiary rulings absent an abuse of discretion. State v.Roberts, 156 Ohio App.3d 352, 2004-Ohio-962, at ¶ 14. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 621.
 {¶ 8} The Sixth Amendment's Confrontation Clause provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him[.]" The right of confrontation requires, whenever possible, testimony and cross-examination to occur at trial. State v. Allen, 10th Dist. No. 82556, 2004-Ohio-3111, at ¶ 17. The United States Supreme Court held in Crawford v. Washington (2004),541 U.S. 36, this procedural guarantee applies to both federal and state prosecutions. In Crawford the Supreme Court explained that the Confrontation Clause encompasses the concept of "testimonial" statements. In determining what is "testimonial" for the purpose of such confrontation on questions of hearsay, the court held:
"Where nontestimonial hearsay is at issue, it is wholly consistent with the Framers' design to afford the States flexibility in their development of hearsay law — as does [Ohio v. Roberts (1980), 448 U.S. 56], and as would an approach that exempted such statements from Confrontation Clause scrutiny altogether. Where testimonial evidence is at issue, however, the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination." (Emphasis added.) Crawford,541 U.S. at 68.
Thus, the threshold determination becomes, whether the hearsay statements in question are classified as testimonial. Evid. R. 801(c) defines hearsay as "a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Although the Crawford Court explicitly abstained from providing an exacting definition of testimonial, it did provide three formulations for such determination, without expressly adopting any. See Crawford, 541 U.S. at 52. They are, as aptly summarized by the First Circuit Court of Appeals:
"[1] In the first, testimonial statements consist of `ex parte in-court testimony or its functional equivalent — that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine or similar pretrial statements that declarants would reasonably expect to be used prosecutorially.'
"[2] The second formulation described testimonial statements as consisting of `extrajudicial statements * * * contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions.'
"[3] Finally, the third explained that testimonial statements are those `made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.'" (Paragraph numbering added). Horton v. Allen (C.A. 1, 2004), 370 F.3d 75, 84, citing and quoting Crawford, 541 U.S. at 52.
Notably, questions of the scope and effect of constitutional protections, such as the Sixth Amendment, are matters of law and therefore reviewed de novo. See United States v. Wilmore (C.A.9, 2004), 381 F.3d 868,871.
 {¶ 9} Appellant contends that the court's admission of testimony of a paramedic, Brian Langenek, a treating physician, Dr. Matthew Aucutt, and Officer Knight regarding the victim's statements violated the Confrontation Clause. Both Mr. Langenek and Dr. Aucutt testified regarding the victim's description of the assault. Mr. Langenek testified as follows:
Q: "What did Dezmond Pierce state to you that day that happened to him?
A: "He stated that he was struck twice with a hammer."
Dr. Aucutt similarly testified:
Q: "What did Dezmond Pierce state to you what [SIC] happened?
"* * *
A: "He said that he was in a hotel room with another woman and when was leaving —
"* * *
A: "And when he was leaving the hotel room, he was hit in the head with a hammer twice."
 {¶ 10} Statements made for the purpose of medical diagnosis or treatment are hearsay by definition, but are generally admissible under a particular exception. Evid.R. 801; 802; 803(4). Furthermore, this Court has consistently held that a description of the encounter and even identification of the perpetrator are within the exception, when embodied in statements made for purposes of diagnosis or treatment. See, e.g.,State v. Eagle, 9th Dist. No. 04CA0003, 2004-Ohio-3255, at ¶ 16; Statev. Wade, 9th Dist. No. 02CA0076-M, 2003-Ohio-2351, at ¶ 6; In reWheeler, (Mar. 20, 2002), 9th Dist. No. 20503, at *4.
 {¶ 11} Under this guidance, we reject any contention by Appellant that the statements describing the assault are rendered beyond the conceivable scope of medical treatment and diagnosis. Mr. Langenek and Dr. Aucutt were required to determine how the victim was injured before they could appropriately treat his injuries. The question remains as to whether the statements are testimonial under the rule of Crawford. In State v.Stahl, 9th Dist. No. 22261, 2005-Ohio-1137, at ¶ 16, this Court held that we would not systematically apply Crawford, and would instead, consider the facts and circumstances of each case in determining whether statements are testimonial.
 {¶ 12} Of the three prongs, we find Crawford's third prong oftestimonial most applicable to this case. Under this definition, the victim's statements are testimonial if they "were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial."Crawford, 541 U.S. at 52. First, prior to giving any statement to the paramedic or treating physician, Appellant had already given a statement to Deputy Knight at the motel. After giving this statement, we find it entirely reasonable that the victim would have viewed the two entities — the police and medical professionals — as two distinct entities who had separate and distinct roles; the police to apprehend the offender and the medical personnel to provide medical care and treatment. Moreover, we find it completely reasonable that the victim reasonably believed that he had already provided testimonial evidence, i.e., a formal statement to the police, and was now merely explaining his injuries to the medical personnel so that they could provide medical care and relief.
 {¶ 13} Upon review of these statements and the circumstances, we find that the statements made to the paramedic and later to the emergency room physician were made for the purpose of medical diagnosis and treatment and were not so testimonial as to necessitate a finding that this victim thought these statements would be used at trial. We therefore conclude that these statements are nontestimonial and are therefore admissible under Evid. R. 803(4).
 {¶ 14} Appellant also claims that the trial court erred in admitting Officer Knight's testimony regarding a dispatch he received over the police radio because the statement was inadmissible hearsay. At trial, Officer Knight testified that he received a dispatch cautioning him that there were two black males fighting at the Lakeside Motel and that one of the men had a hammer and was striking the other man with the hammer. Defense counsel objected to the admission of the above-mentioned statements and the Judge then gave a curative instruction, informing the jury that "the purpose of the radio call is to show why the officer did what he did or went where he did. It's not offered for the truth of what's in the call."
 {¶ 15} We find no error in the court's decision to admit this testimony. Officer Knight did not identify Appellant in this specific testimony and did not testify regarding the victim's statements to him. More importantly, the court instructed the jury that this statement was offered to show why the officer traveled to the motel, and was not offered to prove the matter asserted, i.e., that Appellant struck Mr. Pierce with a hammer. See Evid. R. 801(C). We are mindful that "[a jury is] presumed to obey the court's instruction." State v. Tillman (1997),119 Ohio App.3d 449, 461. Even assuming the trial court erred in allowing this testimony, any error must be considered harmless as this testimony was clearly cumulative of other evidence that Appellant struck the victim over the head with a hammer. In fact, as set forth previously in the facts, Appellant admitted to the officer that he had disarmed Mr. Pierce and struck him with a hammer.
 {¶ 16} In light of our findings regarding the officer's testimony, we need not analyze this testimony under the Confrontation Clause.
"When an out-of-court statement is not offered to prove the truth of the matter asserted, * * *, the Confrontation Clause is not implicated."State v. Smith, 162 Ohio App.3d 208, 2005-Ohio-3579, at ¶ 13, quotingState v. Sexton (C.A.6, 2005), 119 Fed.Appx. 735, 743.
Moreover, because we have determined that all the statements at issue are nontestimonial, we need not explore the issue of the victim's unavailability and/or prior opportunity for cross-examination. Crawford,541 U.S. at 68.
 {¶ 17} Upon our review of the statements, the circumstances and the case as a whole, we conclude that the contested statements are nontestimonial under our reading of Crawford and are therefore admissible under Evid. R. 803(4) and 801(C). We therefore overrule Appellant's first assignment of error.
 ASSIGNMENT OF ERROR II
"[APPELLANT'S] CONVICTION FOR FELONIOUS ASSAULT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 ASSIGNMENT OF ERROR III
"THE TRIAL COURT ERRED IN DENYING [APPELLANT'S] RULE 29 MOTION TO DISMISS BECAUSE THE ELEMENTS NECESSARY TO SUPPORT THE CHARGE OF FELONIOUS ASSAULT WERE NOT PROVEN BY THE STATE."
 {¶ 18} In his second and third assignments of error, Appellant contends that the jury verdict was against the manifest weight of the evidence and that the trial court erred in denying his Rule 29 motion. We disagree.
 {¶ 19} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt. State v. Wolfe (1988), 51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id.
 {¶ 20} "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at *1, citing State v. Thompkins (1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring). Further,
"[b]ecause sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis omitted.) State v.Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at *2. Therefore, we will address Appellant's claim that his conviction was against the manifest weight of the evidence first, as it is dispositive of Appellant's claim of insufficiency and consequently, his Criminal Rule 29 claim.
 {¶ 21} When a defendant asserts that his conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Otten (1986), 33 Ohio App.3d 339, 340.
This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 {¶ 22} Appellant was convicted of Felonious Assault, in violation of R.C. 2903.11(A)(2), which provides:
"No person shall knowingly do either of the following:
"* * *
"Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance."
R.C. 2923.11(A) defines deadly weapon as "any instrument, device, or thing capable of inflicting death, and designed or specifically adapted for use as a weapon, or possessed, carried, or used as a weapon."
 {¶ 23} Appellant has alleged that the State failed to establish that Appellant did in fact cause physical harm to Mr. Pierce by means of a deadly weapon. The State has countered that the credible testimony of medical personnel and police officers, coupled with photographic evidence established, and the jury believed, that Appellant had assaulted Mr. Pierce. Therefore, the State argues that this Court must defer to the jury's judgment.
 {¶ 24} Appellant presented only one witness, his sister, who was not present at the Lakeside Motel on December 18, 2004 and did not refute any of the testimony presented by the State. In fact, Appellant's sister testified that the car upon which Appellant was leaning when the police located him was her car, that she had loaned the car to her brother on the night of the alleged assault and that she kept a hammer in the car, thereby corroborating the theory that Appellant attacked the victim with a hammer that he brought to the motel.
 {¶ 25} The State presented evidence that Appellant struck the victim twice with a deadly weapon, a hammer. This Court has found a hammer to be a deadly weapon under R.C. 2923.11(A). See State v. Daniels, 9th Dist. No. 03CA008261, 2004-Ohio-828, at ¶ 17. In addition, the State presented evidence that Appellant had a motive for committing this assault. Appellant's girlfriend, Ms. Fitzgerald, testified that Appellant discovered her with the victim in a motel room and upon entering the motel room, Appellant struck the victim. Moreover, the State presented evidence that Appellant was not injured during the altercation with the victim and declined treatment by the paramedics.
 {¶ 26} After careful review of the entire record, weighing the evidence and all reasonable inferences and considering the credibility of the witnesses, this Court cannot conclude that the jury clearly lost its way when it found Appellant guilty of felonious assault. The jury was in the best position to evaluate the credibility of witnesses and give proper weight to their testimony. See State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus. Appellant's conviction was not against the manifest weight because the jury chose to believe the testimony of the medical personnel and two APD police officers. Moreover, "in reaching its verdict, the jury is free to believe, all, part, or none of the testimony of each witness." Prince v. Jordan, 9th Dist. No. 04CA008423, 2004-Ohio-7184, at ¶ 35, citing State v. Jackson
(1993), 86 Ohio App.3d 29, 33. As the factfinder, the jury was entitled to reconcile any differences and inconsistencies in the testimony and determine that the manifest weight of the evidence supported a finding of guilt. See DeHass, supra.
 {¶ 27} Based on the foregoing, this Court cannot find that Appellant's convictions were against the manifest weight of the evidence. Furthermore, as previously stated, "a determination that [a] conviction is supported by the weight of the evidence [is] also * * * dispositive of the issue of sufficiency." Roberts, supra at *2. Accordingly, having found that Appellant's conviction was not against the manifest weight of the evidence, this Court need not discuss further his challenge to the sufficiency of the evidence. Accordingly, we find that Appellant's second and third assignments of error are without merit.
III.
 {¶ 28} Appellant's assignments of error are overruled, and the judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J. Carr, J. concur.