OPINION
{¶ 1} Defendant, Carolyn Williams, appeals from her convictionand sentence for assault.
 {¶ 2} On March 21, 2003, around 10:30 a.m., Defendant Williamswent to the home that Sharon Johnson shared with her ex-husband,Michael, at 2305 Rugby Road in Dayton. Defendant and SharonJohnson got into a fight which led to Defendant's conviction.Both Defendant and Johnson were involved at the time in arelationship with a man named David Montgomery.
 {¶ 3} Defendant and Johnson gave very different accounts attrial of their altercation.
 {¶ 4} According to Johnson, after Defendant questioned herabout whether she had been at David Montgomery's house on themorning of March 21, which Johnson admitted, Defendant then beganto tell Johnson's ex-husband, Michael, how Johnson wasinterfering in Defendant's relationship with David Montgomery.Defendant then slapped Johnson in the face, grabbed her andpulled Johnson down the porch steps. In response, Johnson hitDefendant in the head with a telephone she had in her handJohnson's ex-husband then broke up the fight and Defendant left.As a result of the fight, Johnson sustained scratches to herface. Later that afternoon, Defendant made several phone calls toJohnson threatening to hurt her if she didn't stay away fromDavid Montgomery. Those phone calls prompted Johnson to callpolice.
 {¶ 5} According to Defendant, before she went to Johnson'shome she called David Montgomery's home and heard Johnson in thebackground. While Johnson was at Montgomery's home, Defendantdecided to go to Johnson's home and speak with Johnson'sex-husband about scratches Johnson had put on Defendant's truck.While Defendant was talking to Johnson's ex-husband, Johnson cameout of the house and hit Defendant with a phone. Defendant hitJohnson back and a fight ensued. Johnson's ex-husband broke upthe fight. Defendant then went on to work. Later, Defendantcalled Johnson's home and told Johnson where she worked in caseJohnson wanted to continue their fight. Around 4:00 p.m. policearrested Defendant at work.
 {¶ 6} Defendant was charged with one count of assault inviolation of R.C. 2903.13(A). Following a trial to the court,Defendant was found guilty. The trial court sentenced Defendantto one hundred eighty days in jail, suspended on condition thatDefendant have no future violations of this kind. The court alsoplaced Defendant on unsupervised probation for a period not toexceed two years.
 {¶ 7} Defendant has timely appealed to this court from herconviction and sentence.
 ASSIGNMENT OF ERROR {¶ 8} "Carolyn Williams' conviction of assault is against themanifest weight of the evidence."
 {¶ 9} A weight of the evidence argument challenges the believability of the evidence, and asks which of the competing inferences suggested by the evidence is more believable or persuasive. State v. Hufnagle (Sept. 6, 1996), Montgomery App. No. 15562, unreported. The proper test to apply to that inquiry is the one set forth in State v. Martin (1983),20 Ohio App.3d 172, 175:
 {¶ 10} "[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Accord State v. Thompkins,78 Ohio St.3d 380, 1997-Ohio-52.
{¶ 11} Defendant was found guilty of "knowingly causing orattempting to cause physical harm to another." R.C. 2903.13(A).This case presents a classic credibility contest: Johnson'sversion of the events against Defendant's version of the events.Each woman accused the other of being the aggressor and startingthe fight. In this appeal Defendant complains that the trialcourt, sitting as the trier of facts, chose to believe Johnson'stestimony rather than Defendant's.
 {¶ 12} In State v. Lawson (Aug. 22, 1997), Montgomery App. No. 16288, we observed:
 {¶ 13} "[b]ecause the factfinder . . . has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the factfinder's determinations of credibility. The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness." Id., at p. 4.
 {¶ 14} This court will not substitute its judgment for that of the trier of facts on the issue of witness credibility unless it is patently apparent that the trier of facts lost its way in arriving at its verdict. State v. Bradley (Oct. 24, 1997), Champaign App. No. 97-CA-03.
{¶ 15} The trial court in this case did not lose its waysimply because it chose to believe Johnson's version of theevents rather than Defendant's, which it was entitled to do. Inreviewing this record as a whole, we cannot say that the evidenceweighs heavily against a conviction, that the jury lost its way,or that a manifest miscarriage of justice has occurred.Defendant's conviction is not against the manifest weight of theevidence.
 {¶ 16} The assignment of error is overruled. The judgment ofthe trial court will be affirmed.
 Judgment affirmed.
 Fain, P.J., and Young, J., concur.