OPINION
{¶ 1} Defendant-appellant, Darrick Green, appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty of two counts of robbery in violation of R.C. 2911.02.
 {¶ 2} Pursuant to an indictment filed May 2, 2003, appellant was charged with one count of robbery in violation of R.C.2911.02(A)(2), a second degree felony, and one count of robbery in violation of R.C. 2911.02(A)(3), a third degree felony. A jury found appellant guilty as charged in the indictment. The trial court sentenced appellant to six years' incarceration, with count two merging into count one. Appellant now appeals, advancing a single assignment of error:
The trial court's decision was not supported by the evidence presented at trial and thus inequitable as against the manifest weight of the evidence.
 {¶ 3} According to the state's evidence, at approximately 2 a.m. on April 25, 2003, appellant hailed a cab near the intersection of Lane Avenue and High Street and requested that the cab driver, Abdurahman Ali, drive him to an unspecified address in the Cooke Road/Karl Road area. As Mr. Ali exited from the interstate onto Cooke Road, appellant began choking him from the backseat of the cab. Appellant instructed Mr. Ali to "give [him] the gun." (Tr. 20.) When Mr. Ali responded that he did not have a gun, appellant stated that he had a gun and that Mr. Ali should "give [him] the money." Id. He then instructed Mr. Ali to stop the cab.
 {¶ 4} Mr. Ali, afraid appellant would kill him if he stopped the cab, continued driving. Appellant jumped from the backseat to the front seat and attempted to hit the brake with his left leg while simultaneously trying to open the driver's side door and push Mr. Ali out of the cab. Mr. Ali grabbed a tire iron he kept under the driver's seat. The two men eventually fell out of the cab. According to Mr. Ali, they wrestled on the ground for approximately 20 minutes. During the struggle, appellant attempted to check Mr. Ali's pockets for what Mr. Ali assumed to be money. The two men also struggled over control of the tire iron. Mr. Ali testified that he did not want to give up control of the tire iron because he was afraid appellant would beat him with it. At some point, appellant struck Mr. Ali in the head with a hard object; however, Mr. Ali could not identify the object.
 {¶ 5} While on routine patrol in the area, Sergeant Travis Carpenter of the Clinton Township Police Department noticed the cab, which had come to rest in the front yard of a nearby residence, and the two men fighting over the tire iron. Sergeant Carpenter wrestled the tire iron from the men and ordered them to stop fighting. Although he did not know which of the men was the aggressor, he opted to take appellant to his cruiser for questioning because appellant was standing closest to him. While being escorted to the cruiser, appellant broke away and fled on foot. In pursuing appellant, Sergeant Carpenter dropped the tire iron. Appellant ran toward a tree line and hid in some weeds. Although appellant initially refused Sergeant Carpenter's order to surrender, he eventually complied after he was maced. Sergeant Carpenter took appellant back to the cruiser where Mr. Ali was waiting. Mr. Ali recounted what had happened and appellant was taken into custody. No gun was ever recovered.
 {¶ 6} In his single assignment of error, appellant contends that the evidence is insufficient to sustain his robbery convictions, and further, that his convictions are against the manifest weight of the evidence.
 {¶ 7} We first consider appellant's sufficiency challenge. "Sufficiency of the evidence is the legal standard applied to determine whether the case may go to the jury or whether the evidence is legally sufficient as a matter of law to support the jury verdict." State v. Smith (1997), 80 Ohio St.3d 89, 113, following State v. Thompkins (1997), 78 Ohio St.3d 380, 386. "When reviewing a claim of insufficient evidence, the relevant inquiry is whether any rational factfinder, after viewing the evidence in a light most favorable to the state, could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Clemons (1998), 82 Ohio St.3d 438, 444, following Jackson v. Virginia (1979), 443 U.S. 307, 319,99 S.Ct. 2781, and State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. "The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact." Clemons,
supra.
 {¶ 8} R.C. 2911.02 proscribes robbery, as follows:
(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
(1) Have a deadly weapon on or about the offender's person or under the offender's control;
(2) Inflict, attempt to inflict, or threaten to inflict physical harm on another;
(3) Use or threaten the immediate use of force against another.
 {¶ 9} Appellant was found guilty of violating both R.C.2911.02(A)(2) and (A)(3). To sustain appellant's conviction under R.C. 2911.02(A)(2), the evidence must establish that appellant inflicted, attempted to inflict, or threatened to inflict physical harm upon Mr. Ali in attempting or committing a theft offense. To sustain appellant's conviction under R.C.2911.02(A)(3), the evidence must establish that appellant used or threatened the immediate use of force against Mr. Ali in attempting or committing a theft offense.
 {¶ 10} Appellant first contends that the evidence is insufficient to support a "theft offense" because no money was taken from Mr. Ali. Appellant's argument ignores the plain language of R.C. 2911.02, which provides that one may be convicted of robbery if one attempts a theft offense under one of the three scenarios set forth in the statute.
 {¶ 11} R.C. 2911.02(C)(2) provides that "`[t]heft offense' has the same meaning as in section 2913.01 of the Revised Code." In turn, R.C. 2913.01(K)(1) provides, in pertinent part, that "`[t]heft offense' means * * * [a] violation of section * * *2913.02." R.C. 2913.02(A)(1) states that "[n]o person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways: (1) [w]ithout the consent of the owner or person authorized to give consent."
 {¶ 12} Although theft requires that the accused actually obtain or exert control over the property or services of another, attempted theft has no such requirement. R.C. 2923.02(A) defines attempt broadly as "conduct that, if successful, would constitute or result in the offense." A "criminal attempt" is an act or omission constituting a substantial step in a course of conduct planned to culminate in the actor's commission of the crime but which falls short of completion of the crime. State v. Group,98 Ohio St.3d 248, 2002-Ohio-7247, at ¶ 101, citing State v.Woods (1976), 48 Ohio St.2d 127, paragraph one of the syllabus. A "substantial step" requires conduct that is "strongly corroborative of the actor's criminal purpose." Id.
 {¶ 13} The evidence, if believed by the trier of fact, clearly establishes that appellant engaged in conduct which, if successful, would have constituted theft. Mr. Ali testified that appellant ordered him to give up his money and searched his pockets for money during the ensuing struggle. Appellant's purposeful attempt to deprive Mr. Ali of his property was unsuccessful only because Mr. Ali defied appellant's order to turn over his money and resisted his efforts to extract money from his pockets. This undisputed evidence establishes that appellant attempted to commit a theft offense.
 {¶ 14} Appellant next contends that his conviction under R.C.2911.02(A)(2) cannot stand because the state failed to prove that he inflicted, attempted to inflict, or threatened to inflict physical harm upon Mr. Ali. We disagree.
 {¶ 15} Mr. Ali testified that as he exited the interstate, appellant choked him from behind. He further testified that appellant attempted to push him out of a moving cab, wrestled on the ground with him for 20 minutes, and struck him in the head with a hard object. Viewing this evidence in a light most favorable to the state, as we must do, we conclude that the evidence, if believed by the trier of fact, is sufficient to establish that appellant both inflicted and/or attempted to inflict physical harm upon Mr. Ali.
 {¶ 16} Finally, appellant maintains that his conviction under R.C. 2911.02(A)(3) must be reversed because the state failed to prove that he used or threatened the immediate use of force against Mr. Ali. Again, we disagree.
 {¶ 17} Force is defined in R.C. 2901.01(A) as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." This court, as well as other Ohio appellate courts, have determined that the type of force envisioned by the General Assembly in enacting R.C. 2911.02 is that which involves actual or potential harm to the victim. SeeState v. Wolford (Dec. 28, 2000), Franklin App. No. 00AP-378;State v. Furlow (1992), 80 Ohio App.3d 146, 148; State v.Eskridge, Cuyahoga App. No. 82619, 2003-Ohio-6869.
 {¶ 18} In arguing that the element of force was not proven, appellant points out that no weapon was ever recovered. However, as we have previously noted, Mr. Ali's unrebutted testimony establishes that appellant choked him, attempted to push him out of a moving cab, wrestled with him, and struck him on the head. This evidence, if believed by the trier of fact, clearly establishes that appellant used force involving both actual and potential harm to Mr. Ali.
 {¶ 19} Further, in State v. Davis (1983), 6 Ohio St.3d 91, paragraph one of the syllabus, the Supreme Court of Ohio held that the force used in a robbery must create sufficient "fear" likely to cause the victim to part with the property:
The use or threat of immediate use of force element of the offense of robbery, as expressed in R.C. 2911.02(A), is satisfied if the fear of the alleged victim was of such a nature as in reason and common experience is likely to induce a person to part with property against his will and temporarily suspend his power to exercise his will by virtue of the influence of the terror impressed.
 {¶ 20} At trial, Mr. Ali testified that he defied appellant's order to stop the cab because he was afraid appellant would kill him if he stopped. He further testified that he did not want to relinquish control of the tire iron because he was afraid appellant would beat him with it. This evidence, if believed by the trier of fact, is sufficient to establish that the force used by appellant created fear in Mr. Ali.
 {¶ 21} In short, when viewing the evidence in a light most favorable to the state, we conclude that the state presented evidence sufficient to prove beyond a reasonable doubt that appellant both attempted to and inflicted physical harm upon Mr. Ali and that appellant used force against Mr. Ali in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, and that each element of R.C. 2911.02(A)(2) and (A)(3) was established. We therefore conclude that there is sufficient evidence in the record to allow a rational trier of fact to find appellant guilty of violating both R.C.2911.02(A)(2) and (A)(3).
 {¶ 22} "Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence." Thompkins, supra, at 387. In order for an appellate court to reverse the judgment of a trial court on the basis that the verdict is against the manifest weight of the evidence, the appellate court "sits as a `thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." Id. Whether a criminal conviction is against the manifest weight of the evidence "requires an examination of the entire record and a determination of whether the evidence produced attains the high degree of probative force and certainty required of a criminal conviction." State v. Getsy (1998),84 Ohio St.3d 180, 193. "`The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'" Thompkins, at 387, quoting State v.Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 23} Appellant contends that Mr. Ali's version of the events is not credible because he testified that appellant said he had a gun and no gun was recovered, he could not account for the whereabouts of the tire iron after appellant ran from the scene, he could not state with certainty that a scratch on his stomach had been inflicted by appellant, and he could not identify the object with which appellant struck him. Appellant further contends that appellant's testimony is incredible because his statement that he suffered injuries in the struggle with appellant conflicted with Sergeant Carpenter's testimony that he observed no injuries to either appellant or Mr. Ali.
 {¶ 24} "On the trial of a case, either civil or criminal, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. A jury is free to believe all, part, or none of the testimony of the witnesses who appear before them. State v. Wiley, Franklin App. No. 03AP-340, 2004-Ohio-1008 at ¶ 48. Further, while the jury may note the inconsistencies and resolve or discount them accordingly, such inconsistencies do not render an accused's conviction against the manifest weight of the evidence. State v.Nivens (May 28, 1996), Franklin App. No. 95APA09-1236.
 {¶ 25} Here, the jury had the opportunity to hear the testimony of the witnesses and judge their credibility. An appellate court may not substitute its judgment for that of the trier of fact on the issue of witness credibility unless it is manifestly apparent that the factfinder lost its way. State v.Williams, Montgomery App. No. 20039, 2004-Ohio-1939, at ¶ 14. It is patently obvious that the jury believed Mr. Ali's testimony and rendered its decision accordingly. After reviewing that testimony, we cannot conclude that the jury lost its way in finding his testimony credible.
 {¶ 26} Finally, flight, unless satisfactorily explained, tends to demonstrate a consciousness of guilt or a guilty connection with the crime. State v. Taylor (1997),78 Ohio St.3d 15, 27. It is undisputed that appellant fled the scene shortly after the arrival of Sergeant Carpenter.
 {¶ 27} Based upon the record before us, we cannot conclude that the jury lost its way and created a manifest miscarriage of justice in arriving at its verdicts. To the contrary, we conclude that the weight of the evidence supports the convictions under both R.C. 2911.02(A)(2) and (A)(3).
 {¶ 28} For the foregoing reasons, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
Bowman and Klatt, JJ., concur.
Deshler, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.