DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, JoAnn W. ("Mother"), appeals from a judgment of the Medina County Court of Common Pleas, Juvenile Division, that terminated her parental rights to her minor child and placed the child in the permanent custody of Medina County Job and Family Services ("JFS"). This Court affirms.
 {¶ 2} Mother is the natural mother of C.W., born August 13, 1997. The father of C.W. is not a party to this appeal. On December 17, 2004, JFS filed a complaint, alleging C.W. to be an abused child due to allegations that Mother's boyfriend had sexually abused the child and that Mother knew about the abuse. On February 28, 2005, C.W. was adjudicated an abused child and was placed in the temporary custody of JFS. In a separate criminal case, Mother was later tried and convicted of endangering children, pursuant to R.C. 2919.22(A), for her failure to protect C.W. from the sexual abuse and was sentenced to four years' incarceration.
 {¶ 3} JFS filed a motion for permanent custody of C.W. At the permanent custody hearing, JFS focused much of its evidence on the unstable and unsafe environment that Mother had provided for C.W. while she was in her custody. Mother and C.W. had moved from place to place, and while they resided in Cuyahoga County, there had been substantiated allegations that C.W. had been molested by another one of Mother's boyfriends. JFS had also received information that Mother had been romantically involved with other men who had allegedly either abused C.W. or posed a threat of harm to her.
 {¶ 4} The guardian ad litem opined that C.W. should not be returned to Mother because Mother lacks the insight to protect the child from abuse and does not accept responsibility for the sexual abuse of C.W. The guardian ad litem stressed that C.W. had been abused in Mother's home and that Mother was aware of the abuse but had done nothing to protect her child. She further explained that "this is the most outrageous sexual abuse case I have been involved with."
 {¶ 5} Several witnesses testified that C.W. was doing well away from Mother, that her behavior had improved through counseling and a stable environment, and that she needed a stable environment to continue improving. C.W. had adapted well in the foster home and did not express hopes or plans to return to Mother's care, nor did she speak about Mother often.
 {¶ 6} The trial court found that JFS had satisfied both prongs of the permanent custody test and placed C.W. in the permanent custody of JFS. Specifically, the trial court found that permanent custody was in the best interest of C.W. and that the first prong of the test was satisfied because Mother was incarcerated for her conviction of child endangering, of which C.W. was the victim, and because Mother was incarcerated and would be unavailable to care for C.W. for more than eighteen months longer. See R.C. 2151.414(E)(5) and (12). Mother appeals and raises two assignments of error.
 ASSIGNMENT OF ERROR I
"THE TRIAL COURT DENIED APPELLANT HER DUE PROCESS RIGHTS BY NOT REQUIRING THE GUARDIAN AD LITEM TO SUBMIT A WRITTEN REPORT PRIOR TO THE PERMANENT CUSTODY HEARING, AND BY NOT CONDUCTING SAID HEARING IN A TIMELY FASHION."
 {¶ 7} Mother contends that her due process rights were violated because the trial court did not require the guardian ad litem to file a written report and because the trial court did not hold the permanent custody hearing within 120 days of the filing of the permanent custody motion, as required by R.C.2151.414(A)(2).
 {¶ 8} Mother failed to raise either of these issues in the trial court, however, and has failed to preserve them for appellate review. Not only did Mother fail to challenge the timing of the permanent custody hearing in April, 2006, but she had filed a motion for a continuance of a prior hearing date that had been set by the trial court. When the guardian ad litem appeared at the permanent custody hearing to give an oral report, the trial judge raised the issue of a lack of a written report and asked the parties whether "you want me to adjourn and require the guardian to submit a written report." Both parties expressed a willingness to proceed with the oral testimony of the guardian ad litem in lieu of a written report.
 {¶ 9} Moreover, even if Mother had timely raised these challenges below, she has failed to argue, much less demonstrate, how she was prejudiced by the trial court's alleged denial of her due process rights. To demonstrate a reversible denial of due process, as with any alleged error on appeal, an appellant typically must make a showing of identifiable prejudice. SeeEstes v. Texas (1965), 381 U.S. 532, 542. Mother fails to explain how her defense was impacted by either the timing of the permanent custody hearing or the lack of a written report by the guardian ad litem. Mother had the opportunity to, and did, cross-examine the guardian ad litem at the permanent custody hearing. The first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"MEDINA COUNTY JOB AND FAMILY SERVICES FAILED TO USE REASONABLE EFFORTS TO REUNITE THE FAMILY AND IDENTIFY INDIVIDUALS SUITABLE FOR PLACEMENT OF THE CHILD WITHOUT THE NEED FOR A GRANT OF PERMANENT CUSTODY RESULTING IN A JUDGMENT THAT WAS NOT IN THE BEST INTERESTS OF THE CHILD."
 {¶ 10} Mother challenges the evidence that permanent custody was in the best interest of C.W. Specifically, she focuses on the evidence of JFS that permanent custody, rather than a less drastic placement, was necessary to achieve a permanent placement for the child. When determining whether a grant of permanent custody is in the child's best interest, the juvenile court must consider several factors, including "[t]he child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency[.]" R.C. 2151.414(D)(4). Mother contends that the trial court improperly determined that permanent custody was in the best interest of C.W. because JFS and the guardian ad litem had failed to investigate C.W.'s 24-year-old cousin as a potential relative placement.
 {¶ 11} As this Court noted in In re A.A., 9th Dist. No. 22196, 2004-Ohio-5955, at ¶ 17, the agency typically establishes this best interest factor by demonstrating that it attempted to find a permanent placement for the child, but that there were no suitable relatives or other interested individuals who were willing and able to care for the child on a permanent basis. The evidence presented at the permanent custody hearing in In reA.A. was different, however. Because there was evidence before the trial court that a relative was willing and able to take legal custody of the child and the agency had found her to be a suitable placement, this Court stressed that the agency should have explored such a placement as a less drastic alternative to permanent custody. Id. at ¶ 18. Consequently, based on the specific facts of that case, the agency had failed to establish that permanent custody was the only means to establish a permanent placement for the child.
 {¶ 12} There was no such evidence of a potential alternative permanent placement in this case, however. Mother points to testimony by C.W.'s cousin, Sabrina, that she was close to C.W., and that JFS had never contacted her about a potential placement of C.W. Sabrina had not filed a motion for legal custody, however, nor had she approached the agency to express an interest in having custody of C.W. Moreover, when Sabrina testified on behalf of Mother at the permanent custody hearing, she did not even suggest that she was interested in having C.W. placed with her.
 {¶ 13} Mother cites no authority, and this Court knows of none, that requires an agency to prove that it investigated and ruled out potential placement of the child with every known relative, including those who have not approached the agency to express an interest in caring for the child.
 {¶ 14} Moreover, even if Mother could raise a successful challenge to the evidence on this best interest factor, this Court must stress that no one best interest factor is controlling. Rather, the best interest test is a balancing test. This Court's reversal of the permanent custody determination inIn re A.A. was not based on the weakness of the agency's evidence on only one factor. The agency's evidence in In reA.A. was weak on every best interest factor, as it had presented minimal evidence pertaining to A.A.'s father, who was the party challenging permanent custody on appeal. Given the evidence presented on the best interest factors as a whole, this Court concluded that the agency had failed to meet its burden of proving, by clear and convincing evidence, that permanent custody was in the best interest of A.A.
 {¶ 15} Because Mother has failed to demonstrate that the trial court's best interest determination was erroneous, her second assignment of error is overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Boyle, J. Reece, J. concur.
(Reece, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)