OPINION
{¶ 1} Defendant-appellant, Norman S. Abdullah, appeals from a judgment of the Franklin County Court of Common Pleas that, upon remand from this court, amended two counts of rape in an indictment to reflect conduct in the form of digital penetration rather than vaginal intercourse, and that reinstated convictions for rape. Because the trial court did not abuse its discretion, we affirm the trial court's judgment.
 {¶ 2} By indictment filed on December 8, 2003, defendant was charged with one count of kidnapping by force with purpose to engage in sexual activity; one count of *Page 2 
attempted rape (anal intercourse) with force; three counts of gross sexual imposition with force; three counts of rape (fellatio) with force; and two counts of rape by vaginal intercourse with force. According to the indictment, defendant committed these alleged crimes against defendant's minor granddaughter, K.A.
 {¶ 3} After a bench trial, the trial court found defendant guilty of one count of kidnapping, three counts of gross sexual imposition, one count of attempted rape (anal intercourse), and two counts of rape by vaginal intercourse. The trial court also found defendant not guilty of three counts of rape (fellatio) by force. By clear and convincing evidence, the trial court found that defendant was a sexual predator pursuant to former R.C. 2950.09.
 {¶ 4} Thereafter, the trial court imposed a nine-year determinate sentence as to the conviction for kidnapping by force with purpose to engage in sexual activity, a seven-year determinate sentence for the conviction of attempted rape with force, four-year determinate sentences as to the convictions for gross sexual imposition, and life sentences for the convictions of rape by vaginal intercourse. The trial court also ordered the sentences to be served concurrently.
 {¶ 5} From this judgment, defendant appealed to this court inState v. Abdullah, Franklin App. No. 05AP-1316, 2006-Ohio-5412
("Abdullah I"). In Abdullah I, affirming in part and reversing in part the trial court's judgment, this court remanded the matter to the trial court "to consider the state's request that Counts 7 and 8 of the indictment be amended to reflect sexual conduct in the form of digital penetration rather than vaginal intercourse." Id. at ¶ 44. FollowingAbdullah I, defendant did not move this court to reconsider under App.R. 26 and did not appeal to the Supreme Court of Ohio. *Page 3 
 {¶ 6} Upon remand to the trial court, the state moved to amend Counts 7 and 8 of the indictment and to re-enter the convictions on those counts. Finding that the requested amendments were not prejudicial to defendant in any way, the trial court granted the state's motion and amended Counts 7 and 8 to reflect conduct in the form of digital penetration rather than vaginal intercourse. The trial court also reinstated the convictions with respect to Counts 7 and 8 and ordered its original sentence to remain the same.
 {¶ 7} From the trial court's judgment that amended the indictment and reinstated rape convictions with respect to Counts 7 and 8, plaintiff now appeals and assigns a single error for our consideration:
 The trial court erred in amending the indictment following trial to change the factual allegations against Appellant in violation of due process protections under the state and federal Constitutions and Article I, Section 10 of the Ohio Constitution.
 {¶ 8} "A trial court commits reversible error when it permits an amendment that changes the name or identity of the offense charged, regardless of whether the defendant suffered prejudice." State v.Kittle, Athens App. No. 04CA41, 2005-Ohio-3198, at ¶ 12, appeal not allowed, 107 Ohio St.3d 1408, 2005-Ohio-5859, citing State v.Smith, Franklin App. No. 03AP-1157, 2004-Ohio-4786, at ¶ 10. `" Whether an amendment changes the name or identity of the crime charged is a matter of law.'" Kittle, at ¶ 12, quoting State v. Cooper (June 25, 1998), Ross App. No. 97CA2326, citing State v. Jackson (1992),78 Ohio App.3d 479.
 {¶ 9} However, "[i]f the amendment does not change the name or identity of the crime charged, then [an appellate court] appl[ies] an abuse of discretion standard to review the trial court's decision to allow a Crim.R. 7(D) amendment." Kittle, at ¶ 13, citing *Page 4 Smith, at ¶ 10; State v. Beach, 148 Ohio App.3d 181, 2002-Ohio-2759, at ¶ 23, appeal not allowed, 96 Ohio St.3d 1516, 2002-Ohio-4950.
 {¶ 10} In Abdullah I, this court explained that "[a]mending a rape charge from one type of sexual conduct to another type of sexual conduct changes neither the name or identity of the rape offense." Id. at ¶ 24, citing State v. Martin, Franklin App. No. 05AP-818, 2006-Ohio-2749, at ¶ 9, citing Smith, supra, at ¶ 11; State v. Hickman, Summit App. No. 20883, 2002-Ohio-3406, at ¶ 39-42, motion for delayed appeal denied (2003), 100 Ohio St.3d 1484, 2003-Ohio-5992, and appeal not allowed (2004), 102 Ohio St.3d 1412, 2004-Ohio-1763.
 {¶ 11} The Abdullah I court therefore determined, as a matter of law, that post-trial Crim.R. 7(D) amendments to the rape charges from vaginal intercourse to digital penetration in this case would not per se constitute amendments that would change the name or identity of the crime charged. Id. at ¶ 24. Accordingly, such a determination by this court in Abdullah I is now "law of the case." See, generally, Nolan v.Nolan (1984), 11 Ohio St.3d 1, 3 (observing that the "law of the case doctrine" is a rule of practice that "provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels").
 {¶ 12} In addition, this court in Abdullah I also explained that Counts 7 and 8 of defendant's indictment could be amended to conform to the evidence produced at trial. Id. at ¶ 24. The Abdullah I court stated:
 * * * Because vaginal intercourse and digital penetration are two forms of sexual conduct, Counts 7 and 8 of defendant's indictment may be amended to conform to the evidence *Page 5 
produced at trial. The issue therefore resolves to whether defendant was misled or prejudiced by the variance reflected in the amendment, thereby entitling him to the due process protections afforded by Crim.R. 7(D).
Id.
 {¶ 13} The Abdullah I court therefore instructed: "On remand, the judge may examine whether the state's requested amendment would mislead or prejudice defendant. Should the trial court determine an amendment would mislead or prejudice defendant, the court should follow the dictates of Crim.R. 7(D), but if the court finds neither factor, the convictions will stand under the amended indictments." Id. at ¶ 27; see, also, id. at ¶ 44 ("affirming] the judgment of the trial court in every respect except that the matter is remanded to the trial court to consider the state's request that Counts 7 and 8 of the indictment be amended to reflect sexual conduct in the form of digital penetration rather than vaginal intercourse").
 {¶ 14} Because Abdullah I already has determined that, as a matter of law, post-trial Crim.R. 7(D) amendments to the rape charges from vaginal intercourse to digital penetration in this case do not per se constitute amendments that change the name or identity of the crime charged, id. at ¶ 24, and because Abdullah I remanded the cause for the limited purpose of determining whether the state's requested amendments would mislead or prejudice defendant, id. at ¶ 44, the narrow issue presented in this appeal is whether the trial court abused its discretion by determining that the requested amendments were not prejudicial to defendant or did not mislead defendant. See Kittle, at ¶ 13 (explaining that an appellate court applies an abuse-of-discretion standard if a *Page 6 
Crim.R. 7(D) amendment to an indictment does not change the name or identity of the crime charged).
 {¶ 15} When applying an abuse-of-discretion standard, an appellate court may not substitute its judgment for that of the trial court.Berk v. Matthews (1990), 53 Ohio St.3d 161, 169; Stockdale v. Baba,153 Ohio App.3d 712, 2003-Ohio-4366, at ¶ 54, citing Berk, at 169; State v.Congrove, Franklin App. No. 06AP-1129, 2007-Ohio-3323, at ¶ 9.
 {¶ 16} `" "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."' " Smith, at ¶ 10, quotingBlakemore, at 219, quoting State v. Adams (1980), 62 Ohio St.2d 151,157. An unreasonable decision is one that is unsupported by a sound reasoning process. AAAA Enterprises, Inc. v. River Place Community UrbanRedevelopment Corp. (1990), 50 Ohio St.3d 157, 161; see, also,Dayton ex rel. Scandrick v. McGee (1981), 67 Ohio St.2d 356, 359, citing Black's Law Dictionary (5 Ed.) (observing that `" [unreasonable' means `irrational'"); Congrove, at ¶ 9. An arbitrary attitude, on the other hand, is an attitude that is `"without adequate determining principle; * * * not governed by any fixed rules or standard.'" Scandrick, at 359, quoting Black's Law Dictionary (5 Ed.); see, also, Congrove, at ¶ 9.
 {¶ 17} Here, "[t]o demonstrate error, defendant must show not only that the trial court abused its discretion, but that the amendment prejudiced his defense." Smith, at ¶ 10, citing Blakemore v.Blakemore (1983), 5 Ohio St.3d 217; see, also, State v. Templeton, Richland App. No. 2006-CA-33, 2007-Ohio-1148, at ¶ 66; State v.Brown, Delaware App. No. 2005CAA01002, 2005-Ohio-5639, at ¶ 45, appeal not allowed (2006), 108 Ohio St.3d 1487, 2006-Ohio-962. *Page 7 
 {¶ 18} In Abdullah I, after discussing State v. Koelling (Mar. 21, 1995), Franklin App. No. 94APA06-866, dismissed, appeal not allowed,73 Ohio St.3d 1425, this court stated in part:
 [L]ike the defendant in Koelling, defendant categorically denied that he sexually abused his granddaughter and suggested the accusations were a result of either K.A.'s "messing around" with other boys or revenge for his firm control over her. No part of the defendant's defense theory individually questioned or attacked the rape charge on the specific element of vaginal intercourse or, for that matter, any specific form of sexual abuses in the ten-count indictment. On this record, indicting defendant on a charge or rape based on another form of sexual conduct arguably will not deprive defendant of his defense theories. * * *
 At trial, defendant did not suggest the state's evidence was lacking in any particular, and so the trial court was not alerted to the deficiency claimed on appeal. * * * .
Id. at ¶ 26-27.
 {¶ 19} Following this reasoning in Abdullah I, upon remand, the trial court concluded that defendant was not prejudiced in any way by the state's proposed amendments to Counts 7 and 8 of the indictment.
 {¶ 20} Defendant asserts, however, among other things, that by finding that defendant was not prejudiced in any way, the trial court incorrectly assumed that defendant would have presented the same defense at trial notwithstanding the post-trial Crim.R. 7(D) amendments to the indictment. Here, defendant claims that at trial defense counsel focused on the absence of vaginal intercourse and, consequently, might have ignored or even encouraged different testimony about digital penetration because it had not been the subject of the original indictment. *Page 8 
 {¶ 21} At the hearing before the trial court following remand of this matter, defendant proffered no evidence to support his theory that, if he would have known about the change in the alleged factual matters, he would have put forth a different defense strategy. Moreover, we find no evidence in the record to support defendant's claim that he was misled or that his defense strategy would have been different if he would have known about the change in the factual matters in the indictment. Defendant's claims of prejudice and a due process violation are therefore speculative.
 {¶ 22} "To demonstrate a reversible denial of due process, as with any alleged error on appeal, an appellant typically must make a showing of identifiable prejudice." In re C.W., Medina App. No. 06CA0033-M,2006-Ohio-5635, at ¶ 9; see, also, Estes v. Texas (1965), 381 U.S. 532,542-543, 85 S.Ct. 1628, rehearing denied, 382 U.S. 875, 86 S.Ct. 18
(stating that, although at times a procedure employed by the state may involve such a probability that prejudice will result such that it is deemed inherently lacking in due process, in most cases involving claims of due process violations a showing of identifiable prejudice to the accused is required).
 {¶ 23} Here, absent any evidence to support defendant's claim of identifiable prejudice or injury resulting from a purported due process violation, we therefore cannot conclude that the trial court prejudicially erred by following the reasoning of Abdullah I. We also cannot conclude that the trial court's decision is one that is unsupported by a sound reasoning process or that it is one without an adequate determining principle.
 {¶ 24} For the reasons set forth above, we hold that the trial court did not abuse its discretion by following the reasoning of AbdullahI and by concluding that the state's *Page 9 
requested amendments would not prejudice defendant in any way. We therefore overrule defendant's sole assignment of error.
 {¶ 25} Accordingly, having concluded that the trial court did not abuse its discretion by amending two counts of rape under Crim.R. 7(D) to reflect conduct in the form of digital penetration rather than vaginal intercourse, and by re-instating convictions for rape, and having overruled defendant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas. Judgmentaffirmed.
 McGRATH and TYACK, JJ., concur. *Page 1