[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
{¶ 1} Garry Kittle appeals the trial court's judgment convicting him of felonious assault, in violation of R.C. 2903.11(A)(1), following his no contest plea. He asserts that the trial court erred by allowing the state to amend the indictment by deleting the words "attempt to cause", which Kittle contends changed the identity of the charge. Because the amendment to the indictment did not change the name or identity of the offense, but instead omitted language irrelevant to an R.C. 2903.11(A)(1) prosecution, the trial court did not abuse its discretion by allowing the amendment.
 {¶ 2} Kittle further argues that a risk exists that the court convicted him of an offense based upon evidence that the state did not present to the grand jury. He claims that it is not clear whether the grand jury heard evidence that he attempted to cause physical harm or whether it heard evidence that he actually inflicted physical harm. The indictment that the grand jury returned specified the offense as "felonious assault," a second degree felony. For the grand jury to have made this finding, the state necessarily must have presented evidence that Kittle knowingly caused serious physical harm to the victim and not that he merely attempted to cause serious physical harm to the victim. Thus, no danger exists that the trial court convicted Kittle of an offense based upon evidence that the state did not present to the grand jury. Therefore, we affirm the court's judgment.
 {¶ 3} In March of 2004, the Athens County Grand Jury returned an indictment ostensibly charging Kittle with felonious assault, in violation of R.C. 2903.11(A)(1). The indictment's caption states that it is an indictment "for: felonious assault, ORC 2903.11(A)(1) F2." The indictment alleges that Kittle "did commit the crime of Felonious Assault, did knowingly cause or attempt to cause serious physical harm to another, to wit: Melanie Dempster, contrary to and in violation of Section 2903.11(A)(1) of the Ohio Revised Code, a felony of the 2nd degree * * *."
 {¶ 4} Subsequently, in a bill of particulars, the state more specifically described the offense: Kittle "assaulted his live-in girlfriend Melanie Dempster severely and repeatedly. On [March 10, 2004], he slammed her head into the ground punching her, strangling her, slapping her, dragging her etc. He eventually broke her ribs and caused significant damage to her face, head and bruised her from head to toe."
 {¶ 5} Before trial, the state moved to amend the indictment. The prosecutor stated: "In reviewing the indictment prior to the trial it became clear that the charge is appropriately indicated as 2903.11(A)(1) and identified as such. The only thing that appears to be improper in the indictment is the superflage [sic] of the words, specific words or attempt, as the indictment indicates the crime of felonious assault, did knowingly cause or attempt to cause serious physical harm, when it should only be did knowingly cause serious physical harm [sic]." The state asserted that allowing the amendment would not prejudice Kittle because the indictment properly named the offense, the degree of felony, and the appropriate Code section, and because the bill of particulars more specifically notified Kittle of the facts constituting the offense.
 {¶ 6} Kittle argued that the court should dismiss the indictment. He contended that the grand jury could have returned the indictment based upon the attempt to cause physical harm language, which would constitute attempted felonious assault, a third degree felony. He alternatively argued that the state should be allowed to proceed only on the "lesser charge, * * * which is an attempted felonious assault under 2903.11(A)(1), which would be a felony of the third degree."
 {¶ 7} After the trial court granted the state's motion to amend the indictment, Kittle pled no contest. His appeal raises the following assignments of error:
First Assignment of Error:
The trial court erred by granting the state's motion to amend the identity of the charge by deleting language in the body of the indictment.
Second Assignment of Error:
The trial court erred in allowing amendment of the indictment because of the risk the state intended to try the defendant upon facts not presented to the grand jury, in violation of his rights pursuant to theFifth Amendment of the United States Constitution and analogous rights pursuant to Section 10, Article 1 of the Ohio Constitution.
 {¶ 8} Because Kittle's two assignments of error both concern the court's decision allowing the state to amend the indictment, we consider them together.
 {¶ 9} First, Kittle argues that the trial court erred by allowing the state to amend the indictment because the amendment changed the nature of the offense from attempted felonious assault to felonious assault. Second, he contends that the court erred by allowing the amendment because a danger exists that the court convicted him of an offense that the state did not present to the grand jury. Kittle argues that it is unclear whether the state presented evidence to the grand jury that he actually caused physical harm or whether it presented evidence that he attempted to cause physical harm. If it was the latter, the grand jury could not have indicted him for felonious assault.
 {¶ 10} Section 10, Article I of the Ohio Constitution states: "[N]o person shall be held to answer for a capital, or otherwise infamous crime, unless on presentment or indictment of a grand jury." This constitutional provision "guarantees the accused that the essential facts constituting the offense for which he is tried will be found in the indictment of the grand jury. Where one of the vital elements identifying the crime is omitted from the indictment, it is defective and cannot be cured by the court as such a procedure would permit the court to convict the accused on a charge essentially different from that found by the grand jury." State v. Headley (1983), 6 Ohio St.3d 475, 478-79,453 N.E.2d 716.
 {¶ 11} Crim.R. 7(D) supplements this constitutional right, see id., and State v. Strozier (Oct. 5, 1994), Montgomery App. No. 14021, by specifying when a court may permit an amendment to an indictment:
The court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged. If any amendment is made to the substance of the indictment, information, or complaint, or to cure a variance between the indictment, information, or complaint and the proof, the defendant is entitled to a discharge of the jury on the defendant's motion, if a jury has been impanelled, and to a reasonable continuance, unless it clearly appears from the whole proceedings that the defendant has not been misled or prejudiced by the defect or variance in respect to which the amendment is made, or that the defendant's rights will be fully protected by proceeding with the trial, or by a postponement thereof to a later day with the same or another jury. Where a jury is discharged under this division, jeopardy shall not attach to the offense charged in the amended indictment, information, or complaint. No action of the court in refusing a continuance or postponement under this division is reviewable except after motion to grant a new trial therefor is refused by the trial court, and no appeal based upon such action of the court shall be sustained nor reversal had unless, from consideration of the whole proceedings, the reviewing court finds that a failure of justice resulted.
 {¶ 12} Thus, the rule permits most amendments but flatly prohibits amendments that change the name or identity of the crime charged. SeeState v. O'Brien (1987), 30 Ohio St.3d 122, 126, 508 N.E.2d 144. A trial court commits reversible error when it permits an amendment that changes the name or identity of the offense charged, regardless of whether the defendant suffered prejudice. State v. Smith, Franklin App. No. 03AP-1157, 2004-Ohio-4786, at ¶ 10. See also, State v. Headley (1983),6 Ohio St.3d 475, 478-479, 453 N.E.2d 716. "Whether an amendment changes the name or identity of the crime charged is a matter of law." State v.Cooper (June 25, 1998), Ross App. No. 97CA2326, citing State v. Jackson
(1992), 78 Ohio App.3d 479, 605 N.E.2d 426. Hence, we review this question de novo.
 {¶ 13} If the amendment does not change the name or identity of the crime charged, then we apply an abuse of discretion standard to review the trial court's decision to allow a Crim.R. 7(D) amendment. Smith at ¶ 10; State v. Beach, 148 Ohio App.3d 181, 772 N.E.2d 677,2002-Ohio-2759, at ¶ 23. An abuse of discretion connotes more than an error of law or judgment; it implies a decision that is unreasonable, arbitrary or unconscionable. See, e.g., Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 14} In this case, the amendment did not change the name or identity of the offense. The caption on the indictment named the offense as second degree felonious assault, in violation of R.C. 2903.11(A)(1). The language used in the indictment mirrored the felonious assault statute,[1] with the exception that it included language irrelevant to an R.C. 2903.11(A)(1) felonious assault prosecution, i.e., it stated that Kittle knowingly caused or attempted to cause serious physical harm to another. An attempted felonious assault is a third degree felony. See R.C.2903.11(D) and R.C. 2923.02(E). The "attempted to cause" phrase is not part of an R.C. 2903.11(A)(1) prosecution. The body of the indictment stated that the grand jury found Kittle had committed an R.C. 2903.11(A)(1) second degree felonious assault. For it to so find, the evidence necessarily must have shown that Kittle actually caused, rather than just attempted to cause, serious physical harm to another. The indictment plainly indicates that the offense charged is second degree felonious assault under R.C. 2903.11(A)(1), and the amendment simply omitted language that was not necessary to sustain a conviction. Therefore, the trial court did not abuse its discretion by allowing the amendment. See, generally, State v. Gondek (Jan. 26, 2000), Medina App. No. 2928-M (concluding that amending the indictment to omit "recklessly" did not change the name or identity of the offense when the indictment was captioned "felonious assault [R.C.] 2903.11(F-2) and that permitting amendment simply corrected an "internal inconsistency" to state the correct mental state); see, also, State v. Brooks (1996),75 Ohio St.3d 148, 158-159, 661 N.E.2d 1030 (concluding that the trial court did not abuse its discretion by allowing the state to amend the indictment to narrow death penalty specification).
 {¶ 15} Additionally, Crim.R. 7(C) allows the court, upon motion, to "strike surplusage from the indictment or information." The term "surplusage" as it relates to charging instruments in criminal cases has been defined as "an averment which may be stricken, leaving sufficient description of the offense." State v. Bush (1996), 83 Ohio Misc.2d 61, 65,679 N.E.2d 747 (citing State ex rel. Leichner v. Alvis (App. 1952), 65 Ohio Law Abs. 420, 114 N.E.2d 861. The "attempt to cause" phrase, because it is not relevant to an R.C. 2903.11(A)(1) prosecution as captioned in the indictment, is surplusage. See State v. Yockey (Sept. 9, 1987), Wayne App. No. 2257, unreported, approving an amendment to delete "knowingly" as surplusage where the indictment contained the words "purposely/knowingly" as the culpable mental state.
 {¶ 16} Moreover, the amendment did not mislead or prejudice Kittle. The indictment clearly specified in its caption that the grand jury indicted Kittle for second degree felonious assault. The subsequent bill of particulars further notified Kittle that the state was proceeding with second degree felonious assault. Kittle was sufficiently on notice that the state intended to proceed on the basis of the actual infliction of serious physical harm. There is no reasonable basis for him to argue that he prepared his case on the belief that the crime was limited to an attempt.
 {¶ 17} Furthermore, Kittle's assertion that "[t]here is a grave risk" that the court convicted him of a felony based upon evidence that the state did not present to the grand jury is meritless. The body of the indictment charges felonious assault as a second degree felony. For the grand jury to have so found, the state necessarily must have presented evidence that Kittle actually inflicted serious physical harm upon the victim and not the he merely attempted to inflict serious physical harm upon her.
 {¶ 18} Accordingly, we overrule Kittle's two assignments of error and affirm the court's judgment.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. McFarland, J.: Concur in Judgment and Opinion.
[1] R.C. 2903.11(A)(1) sets forth the offense of felonious assault: "(A) No person shall knowingly * * * (1) Cause serious physical harm to another or to another's unborn."