JOURNAL ENTRY AND OPINION
{¶ 1} Lawrence Henderson ("Henderson") appeals from his conviction and sentence received in the Cuyahoga County Common Pleas Court. Henderson argues that the trial court deprived him of his right to be indicted by a grand jury and his right to a trial by jury. For the following reasons, we affirm in part, vacate in part, and remand the matter for resentencing.
 {¶ 2} On March 24, 2005, the Cuyahoga County grand jury returned a twenty-three count indictment, charging Henderson in connection with his sexual contact with victim A.P.[1] born February 20, 1993. Counts one, five, six, eight, ten, eleven, thirteen, fourteen, twenty-one and twenty-two charged Henderson with rape. Counts two, three, fifteen, through seventeen, nineteen, and twenty charged Henderson with gross sexual imposition. Counts four, seven, nine, twelve, eighteen, and twenty-three charged Henderson with kidnapping. The different counts reflected alleged sexual misconduct from February 2004 through July 2004. Specifically, four of the counts charged offenses from February 1 through February 28, five of the counts charged offenses from March 1 through July 1, nine of the counts charged offenses from July 1 through July 31, and five of the counts charged offenses from February through April.
 {¶ 3} On September 20, 2005, a jury trial commenced. During trial, the State and the trial court dismissed twelve of the twenty-three charges. The trial court then renumbered the remaining counts so that counts one, four through six, and eight charged rape; counts two, three, and nine through eleven charged gross sexual imposition; and count seven charged kidnapping. This appeal concerns only the offenses of gross sexual imposition as charged in renumbered counts nine, ten, and eleven, which stated an original time period of July 1 through July 31.
 {¶ 4} During trial, A.P. testified that Henderson molested her on a number of occasions during the time period of February through July 2004 but could not specify the exact dates that the offenses occurred. A.P. testified that Henderson touched her breasts and vagina, digitally penetrated her vagina, inserted his penis into her vagina, and made her perform oral sex on him. A.P. testified that these events occurred in February, June, and "around June."
 {¶ 5} At the close of its case, the State moved to amend the indictment, pursuant to Crim.R. 7(D), to reflect an expanded time period of June 1, 2004 through July 31, 2004. Defense counsel objected but the trial court allowed the State to amend the indictment, allowing for the expanded time period of June 1, 2004 to July 31, 2004.
 {¶ 6} On September 26, 2005, the jury found Henderson guilty of gross sexual imposition as charged in counts nine, ten, and eleven. The jury acquitted Henderson of the remaining counts. On the following day, the trial court sentenced Henderson to three-years incarceration for each count, to run consecutively for a total prison sentence of nine years.
 {¶ 7} Henderson appeals, raising the two assignments of error contained in the appendix to this opinion.
 {¶ 8} In his first assignment of error, Henderson argues that the trial court improperly permitted the State to amend the indictments to enlarge the time frame during which the crimes were committed. Henderson alleges that this error requires reversal of the convictions based on those indictments. For the following reasons we disagree.
 {¶ 9} Section 10, Article I of the Ohio Constitution states: "No person shall be held to answer for a capital, or otherwise infamous crime, unless on presentment or indictment of a grand jury." This constitutional provision
"guarantees the accused that the essential facts constituting the offense for which he is tried will be found in the indictment of the grand jury. Where one of the vital elements identifying the crime is omitted from the indictment, it is defective and cannot be cured by the court as such a procedure would permit the court to convict the accused on a charge essentially different from that found by the grand jury."
State v. Headley (1983), 6 Ohio St.3d 475.
 {¶ 10} Crim.R. 7(D) supplements this constitutional right and specifies when
 {¶ 11} a trial court may permit an amendment to an indictment:
"The court may at any time before, during, or after a trial amend an indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged. If any amendment is made to the substance of the indictment, information, or complaint, or to cure a variance between the indictment, information, or complaint and the proof, the defendant is entitled to a discharge of the jury on the defendant's motion, if a jury has been impaneled, and to a reasonable continuance, unless it clearly appears from the whole proceedings that the defendant has not been misled or prejudiced by the defect or variance in respect to which the amendment is made, so that the defendant's rights will be fully protected by proceeding with the trial, or by a postponement thereof to a later day with the same or another jury."
See, also, R.C. 2941.30.
 {¶ 12} A trial court commits reversible error when it permits an amendment that changes the name or identity of the offense charged, regardless of whether the defendant suffered prejudice.State v. Smith, Franklin App. No. 03AP-1157, 2004-Ohio-4786. Whether an amendment changes the name or identity of the crime charged is a matter of law and must be given a de novo review on appeal. State v. Kittle, Athens App. No. 04CA41,2005-Ohio-3198. However, if the amendment does not change the name or identity of the crime charged, an appellate court applies an abuse of discretion standard to review the trial court's decision to allow a Crim.R.7(D) amendment. Kittle, supra;State v. Randazzo, Cuyahoga App. No. 79667, 2002-Ohio-2250.
 {¶ 13} In the present case, the amendment did not change the name or identity of the offense, it broadened the time frame for the charges of gross sexual imposition by one month. As such, we apply an abuse of discretion standard of review. Kittle, supra.
 {¶ 14} "Ordinarily, the precise time and date of an offense are not essential elements of an offense; the failure to provide specific times and dates in the indictment is not, in and of itself, a basis for dismissal of the charges." State v.Koelling (March 21, 1995), Franklin App. Nos. 94APA06-866 and 94APA06-868, citing State v. Sellards (1985),17 Ohio St.3d 169. "It is well settled that, particularly in cases involving sexual misconduct with a child, the precise times and dates of the alleged offense or offenses oftentimes cannot be determined with specificity." Koelling, supra. Additionally, although the State is required to supply specific dates and times regarding an offense where it possesses such information, the failure to provide specific dates does not prejudice or violate a defendant's constitutional rights provided that failure to prove times and dates does not present a material detriment to the preparation of the defense. Id.
 {¶ 15} In the present case, the variance in proof neither misled nor prejudiced Henderson. During trial, A.P., a victim under the age of thirteen, testified that Henderson touched her breasts and vagina, digitally penetrated her vagina, inserted his penis into her vagina, and forced her to perform oral sex on him between February and "around June." As a young girl under the age of thirteen, A.P. cannot reasonably be expected to recall and supply exact dates of when these incidents of sexual misconduct occurred. Koelling, supra. Additionally, Henderson categorically denied that any such sexual misconduct occurred. Henderson did not claim an alibi defense and, therefore, no prejudice resulted from the inclusion of the month of June to the time frame of the three counts of gross sexual imposition.
 {¶ 16} Under the circumstances of this case, it made no difference to Henderson's defense that the three acts of gross sexual imposition occurred in the broader time frame of June 1, 2004 through July 31, 2004. This broader time frame did not deprive Henderson of his categorical denial defense and, therefore, the amendment did not prejudice Henderson, nor did it otherwise deprive him of due process of law. Accordingly, the trial court did not abuse its discretion when it amended the indictment.
 {¶ 17} Henderson's first assignment of error is overruled.
 {¶ 18} In his second assignment of error, Henderson argues that he was denied his constitutional right to a trial by jury by the imposition of consecutive sentences. However, in this assigned error, Henderson claims that the severance remedy created by the Ohio Supreme Court in State v. Foster (2006),109 Ohio St.3d 1, is unconstitutional "because it constitutes an ex post facto law in violation of the Ex Post Facto Law clause and the Due Process Clause of the United States Constitution." Henderson argues that the Foster decision erased the presumption that he was entitled to concurrent prison sentences, a remedy that was unanticipated.
 {¶ 19} The third appellate district recently heard similar arguments in State v. McKercher, Allen App. No. 1-05-83,2006-Ohio-1772, and concluded that the issue was not properly before it because the defendant in question had not yet been sentenced. We adopt the third district's approach and find that because Henderson has not been sentenced, this issue is not yet ripe.
 {¶ 20} Nonetheless, because the trial court sentenced Henderson under unconstitutional statutory provisions, he must be resentenced. State v. Harrison, Cuyahoga App. No. 86925,2006-Ohio-4119. Accordingly, we vacate Henderson's imposed sentence and remand the matter for resentencing.
 {¶ 21} Henderson's second assignment of error is sustained.
Judgment affirmed in part, vacated in part and remanded to the lower court.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and Blackmon, J., concur.
 Appendix Assignments of Error: "I. Lawrence Henderson's convictions for gross sexualimposition deprived of his constitutional right to be indicted bya grand jury, because the state was permitted to amend theindictment during trial.
 II. Lawrence Henderson was denied his constitutional right toa trial by jury by the imposition of consecutive sentences."
[1] This court protects the identity of all juvenile parties.