JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} On March 24, 2005, a Cuyahoga County Grand Jury indicted defendant-appellant, Lawrence Henderson (Henderson), in a twenty-three count indictment, which included numerous counts of rape, gross sexual imposition, and kidnapping. Five counts were nolled at the State's request, and seven counts were dismissed by the court. Eleven remaining counts were renumbered and were submitted to the jury. Finding no merit to this appeal, we affirm the judgment of the trial court.
 {¶ 2} On September 26, 2005, the jury found Henderson not guilty of renumbered counts one through eight. The jury found Henderson guilty of three counts of gross sexual imposition with specifications that the victim was under thirteen years of age in counts nine, ten, and eleven, during the time period of June 1 through July 31, 2004.
 {¶ 3} On September 27, 2005, the trial court judge imposed a three-year sentence on each of the three counts of gross sexual imposition, felonies of the third degree. The court ordered the sentences to run consecutively, for a total of nine years. On the same date, the court held a H.B. 180 hearing, and the court determined Henderson to be a sexually oriented offender. The court imposed a ten-year registration requirement.
 {¶ 4} Henderson's original appeal was addressed by this court inState v. Henderson, Cuyahoga App. No. 87236, 2006-Ohio-5567. This court affirmed the *Page 4 
judgment, but vacated and remanded the case to the trial court for resentencing given the effect of the decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 5} On remand, the trial court held a second sentencing hearing for Henderson on March 29, 2007. Defense counsel argued that since Henderson's crimes predated the decision date of Foster, it would be a violation of both the ex post facto clause and the due process clause of the United States Constitution to apply the Ohio Supreme Court's remedy of Foster to cases such as appellant's that predated the Foster
decision. Counsel for Henderson acknowledged that this court had previously rejected this argument, but was preserving the issue for the record.
 {¶ 6} On resentencing, the trial court imposed a sentence of two years on each count of gross sexual imposition, ordering the sentences to run consecutively for a total of six years. The trial court gave Henderson credit for time served and ordered him to resume his prison sentence.
 {¶ 7} In the instant appeal filed May 2, 2007, Henderson seeks to have his last sentence reversed and remanded, arguing that it was inappropriate to retroactively apply the Foster remedy. He argues that he should be sentenced to the minimum, concurrent term upon a second remand, as it was inappropriate to impose consecutive sentences at his resentencing on March 29, 2007. This argument is set forth in the sole assignment of error herein:
 "LAWRENCE HENDERSON WAS DENIED HIS LIBERTY WITHOUT DUE PROCESS AND HIS RIGHT NOT TO BE SUBJECTED TO PUNISHMENT IN VIOLATION OF THE EX POST FACTO CLAUSE OF *Page 5 
THE UNITED STATES CONSTITUTION BY THE IMPOSITION OF CONSECUTIVE SENTENCES."
 {¶ 8} Henderson argues that since he committed his crimes prior to theFoster decision, that his current sentence violates the ex post facto clause and the due process clause of the United States Constitution. We disagree.
 {¶ 9} Appellate courts review sentences de novo. State v. Tish, Cuyahoga App. No. 88247, 2007-Ohio-1836. "A defendant's sentence will not be disturbed on appeal unless the reviewing court finds, by clear and convincing evidence, that the record does not support the sentence or that the sentence is contrary to law. Clear and convincing evidence is that `which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'"State v. Samuels, Cuyahoga App. No. 88610, 2007-Ohio-3904. (Internal citations omitted.)
 {¶ 10} In State v. King, Cuyahoga App. No. 89475, 2008-Ohio-960, this court recently commented: "The felony sentencing ranges did not change in the wake of Foster. Rather, the Ohio Supreme Court excised the judicial fact-finding provisions that it found to be unconstitutional and directed `that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences.'" Id. at paragraph seven.
 {¶ 11} Both parties acknowledge that this court has already addressed and rejected the ex post facto claims as they apply to Foster inState v. Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715, discretionary appeal not allowed, 115 *Page 6 
Ohio St.3d 1439, 2007-Ohio-5567.[1] In Mallette, we held thatFoster does not violate federal or state due process rights or the ex post facto principles contained therein.
We specifically held:
 "In the instant case, Mallette [defendant] had notice that the sentencing range was the same at the time he committed the offenses as when he was sentenced. Foster did not judicially increase the range of his sentence, nor did it retroactively apply a new statutory maximum to an earlier committed crime, nor did it create the possibility of consecutive sentences where none existed. As a result, we conclude that the remedial holding of Foster does not violate Mallette's due process rights or the ex post facto principles contained therein." Mallette, at paragraph 47.
 {¶ 12} Henderson contends that he should be sentenced to the minimum, concurrent term on remand. However, he does not demonstrate that at his second sentencing hearing that the court judicially increased the range of his sentence, that it was retroactively applying a new statutory maximum to an earlier committed crime, or that the court created the possibility of consecutive sentences where none existed. We find that Henderson's sentence on remand, which was actually reduced by three years, does not violate due process rights or the ex post facto principles contained therein. Given that his ex post facto and due process arguments lack merit, we overrule his single assignment of error.
 Judgment affirmed. *Page 7 
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J., and MARY J. BOYLE, J., CONCUR
[1] State v. Reid, Cuyahoga App. No. 89006, 2007-Ohio-5858; State v.Van Le, Cuyahoga App. No. 88799, 2007-Ohio-4045; State v. Parks, Cuyahoga App. No. 88671, 2007-Ohio-2518; State v. Jones, Cuyahoga App. No. 88134, 2007-Ohio-1301; State v. Brito, Cuyahoga App. No. 88223,2007-Ohio-1311; State v. Tenbrook, Cuyahoga App. No. *Page 1