[Cite as *State v. Cook*, 2019-Ohio-3610.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

RONALD E. COOK,

    DEFENDANT-APPELLANT.

CASE NO. 2-18-21

O P I N I O N

Appeal from Auglaize County Common Pleas Court
Trial Court No. 2018-CR-95

**Judgment Affirmed**

Date of Decision:  September 9, 2019

APPEARANCES:

    *Stephen P. Hardwick* **for Appellant**

    *Edwin A. Pierce* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Ronald E. Cook ("Cook") appeals the judgment of the Auglaize County Court of Common Pleas, arguing the trial court erred by not declaring a mistrial after the prosecution made a motion to amend the indictment and the bill of particulars. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} On May 3, 2018, an eleven year old girl, ME, came into the St. Marys police station with her parents. Tr. 141. ME's parents reported to Patrolman Brian Parker ("Officer Parker") that their neighbor, Cook, had asked ME to touch his penis and had, on another occasion, made oral contact with ME's genitalia in his bedroom. Tr. 145. On May 31, 2018, Cook was indicted on one count of rape in violation of R.C. 2907.02(A)(1)(b) and one count of importuning in violation of R.C. 2907.07(A). Doc. 11. The indictment alleged that these offenses occurred in between August 1, 2015 and November 1, 2015. Doc. 11. On October 19, 2018, the State filed a bill of particulars that also stated that these alleged offenses occurred in between August 1, 2015 and November 1, 2015. Doc. 53.

{¶3} This case proceeded to trial on November 19, 2018. Tr. 1. At trial, Officer Parker testified that ME and her parents indicated that Cook committed these alleged offenses over a three month period when ME was around eight, which would place these events in 2015. Tr. 148. ME then testified. Tr. 154. She stated

-2-

that she had known Cook for about five years. Tr. 158. She indicated that Cook had exposed himself to her on multiple occasions and would move his hand up and down with his "private" in his hand. Tr. 176-178. ME stated that, while he was doing this, Cook asked her to "eat it and lick it" and also asked if he could "lick [her] private." Tr. 180. She testified that these events occurred in between "a few months after [they] met" to one year after she met Cook. Tr. 184. She then stated that, on one occasion, she and Cook went into his bedroom where he removed her pants and underwear before he licked her vagina. Tr. 185-186.

{¶4} On cross-examination, ME testified that she had previously told a social worker at children's services that these events occurred about one month after she had met Cook at the age of five. Tr. 201. The Defense then played a recording of ME's conversation with the social worker at children's services. Tr. 205. In this conversation, ME stated that the alleged offenses occurred when she was seven or eight years old and that these alleged offenses occurred "right after she met" Cook. Tr. 208. On redirect examination, ME stated that she could not remember exactly how old she was when the offenses occurred. Tr. 208.

{¶5} At the close of the State's case, the prosecutor requested leave to amend the dates of the alleged offenses in the indictment and the bill of particulars to reflect the testimony of ME at trial. Tr. 318. The dates on the bill of particulars indicated that the alleged offenses would have happened in 2015 when ME was eight. Doc. 53. ME's testimony at trial, however, indicated that the alleged offenses occurred

in 2012 when ME was five. Tr. 184, 201. The Defense objected to this motion. Tr. 318-319. The Defense then made a motion for a mistrial in the event that the trial court granted the State leave to amend the bill of particulars. Tr. 335. The trial court granted the State's motion to amend the bill of particulars and denied the Defense's motion for a mistrial. Tr. 340-341. The trial court, pursuant to Crim.R. 7(D), gave the Defense the opportunity to request a continuance or postponement of the trial to give them time to adjust their trial strategy. Tr. 344-345. Doc. 84. However, the Defense declined to request a continuance or postponement and proceeded with its case. Tr. 345. Doc. 84.

{¶6} On November 21, 2018, the trial court issued an order directing the dates of the offense in the indictment and bill of particulars to be amended. Doc. 84. The amended indictment alleged that the offenses with which Cook was charged had been committed in between August 27, 2012 and November 1, 2015. Doc. 11. On November 26, 2018, the jury found Cook guilty of one count of rape. Doc. 87. The jury, however, acquitted Cook of the crime of importuning. Doc. 88. The trial court issued a judgment entry of sentencing on November 26, 2018. Doc. 89.

*Assignment of Error*

{¶7} Appellant filed his notice of appeal on December 19, 2018. Doc. 112. On appeal, Cook raises the following assignment of error:

> **The trial court erred by failing to declare a mistrial when it granted the State's motion to amend the indictment from a three-**

-4-

> **month window to a thirty-nine-month window. Crim.R. 7; Journal Entry (Nov. 12, 2018), T.p. 318-345.**

Cook argues that the trial court's decision prejudiced him because his trial strategy rested on showing the discrepancy between ME's statements and the allegations in the indictment.

*Legal Standard*

{¶8} Crim.R. 7(D) governs the amendment of an indictment, information, or complaint and reads, in its relevant part, as follows:

> **The court may at any time *before, during, or after a trial* amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged.**

(Emphasis added.) Crim.R. 7(D). However, if the trial court permits an amendment

> **to the substance of the indictment * * * or to cure a variance between the indictment * * * and the proof, the defendant is entitled to a discharge of the jury on the defendant's motion * * * and to a reasonable continuance, unless it clearly appears from the whole proceedings that the defendant has not been misled or prejudiced by the defect or variance in respect to which the amendment is made, or that the defendant's rights will be fully protected by proceeding with the trial * * *.**

Crim.R. 7(D).

> **A trial court commits reversible error when it permits an amendment that changes the name or identity of the offense charged, regardless of whether the defendant suffered prejudice. *State v. Smith*, [10th Dist.] Franklin * * * No. 03AP-1157, 2004-Ohio-4786. Whether an amendment changes the name or identity of the crime charged is a matter of law and must be given a de novo review on appeal. *State v. Kittle*, [4th Dist.] Athens * * * No.**

**04CA41, 2005-Ohio-3198. However, if the amendment does not change the name or identity of the crime charged, an appellate court applies an abuse of discretion standard to review the trial court's decision to allow a Crim.R.7(D) amendment.** *Kittle, supra*; *State v. Randazzo*, **[8th Dist.] Cuyahoga * * * No. 79667, 2002-Ohio-2250.**

*State v. Henderson*, 8th Dist. Cuyahoga No. 87236, 2006-Ohio-5567, ¶ 12.

**{¶9}** "Ordinarily, precise times and dates are not essential elements of offenses." *State v. Sellards*, 17 Ohio St.3d 169, 171, 478 N.E.2d 781, 784 (1985).

**[I]f precise times and dates are not essential elements of the offense or offenses charged, omission of specific dates in an indictment or bill of particulars is without prejudice or constitutional consequence, provided that failure to provide times and dates does not materially deprive the defendant of an opportunity to prepare a defense. Furthermore, if a variance occurs between the dates alleged in the indictment or bill of particulars and the evidence adduced at trial, the state or the trial court may amend the indictment to conform to the evidence offered in the state's case-in-chief.**

*State v. Daniel*, 97 Ohio App.3d 548, 557, 647 N.E.2d 174, 180 (10th Dist. 1994), citing *State v. Gingell*, 7 Ohio App.3d 364, 455 N.E.2d 1066 (1st Dist. 1982). *See Sellards* at 172 (holding that "where the inability to produce a specific time or date when the criminal conduct occurred is, as would be the more typical case, without material detriment to the preparation of a defense, the omission is without prejudice, and without constitutional consequence."); *State v. McGill*, 2d Dist. Greene No. 99CA25, 2000 WL 1803650, *4 (Dec. 8, 2000).

**{¶10}** Further, when the victims are young children, "it is reasonable that they [are] not able to remember exact times and dates of the rapes. This is especially

true where the crimes involve several instances of conduct spread out over an extended period." *State v. Humfleet*, 12th Dist. Clermont No. CA84-04-031, CA84-05-036, 1985 WL 7728, *7 (Sept. 9, 1985), citing *State v. Madden*, 15 Ohio App.3d 130, 132, 472 N.E.2d 1126, 1129 (12th Dist. 1984). *See State v. Geboy*, 145 Ohio App.3d 706, 724-725, 764 N.E.2d 451, 465 (3d Dist. 2001). "It is well settled that, particularly in cases involving sexual misconduct with a child, the precise times and dates of the alleged offense or offenses oftentimes cannot be determined with specificity." *Henderson, supra,* at ¶ 14, quoting *State v. Koelling*, 10th Dist. Franklin No. 94APA06-866 and 94APA06-868, 1995 WL 125933 (March 21, 1995).

*Legal Analysis*

{¶11} On appeal, Cook does not allege that the amendment "changed * * * the name or identity of the crime charged." Crim.R. 7(D). *See* Appellant's Brief, 3. He argues that the amendment interfered with his defense because his trial strategy involved highlighting the discrepancy between ME's statements and the indictment. Since this amendment was requested to correct a variance between the evidence and the indictment, we will examine whether the trial court's decision to grant the State leave to amend the complaint prejudiced Cook. Crim.R. 7(D). *See State v. Collinsworth*, 12th Dist. Brown No. CA2003-10-012, 2004-Ohio-5902, ¶ 34 (holding "a change in the dates of an indictment alleging sexual misconduct with

a child is not a change in the substance of an indictment."). In this determination, we find several facts relevant.

{¶12} First, we note that this amendment did not prevent Cook from highlighting the inconsistencies in ME's memories at trial. The Defense cross-examined ME as to her age at the time of these alleged offenses and played the interview of her prior statements regarding her age at the time of these offenses. Tr. 201. ME even admitted on redirect that she could not remember precisely when the offense occurred. Tr. 208. Since "[t]he precise date and time a rape occurs is not an essential element of the crime," the discrepancy between ME's testimony and the indictment is not any more significant than the discrepancies in her own statements. *State v. Reinhardt*, 10th Dist. Franklin No. 04AP-116, 2004-Ohio-6443, ¶ 20. If anything, the motion for leave to amend the dates in the indictment underscored the inconsistencies in ME's memories.

{¶13} Second, Cook's "defense at trial was not alibi." *State v. Buchanan*, 2017-Ohio-1361, 88 N.E.3d 686, ¶ 23 (8th Dist.), citing *State v. Smith*, 4th Dist. Scioto No. 09CA3321, 2010-Ohio-5953, ¶ 18. Thus, his trial strategy did not rest upon the offense having been alleged on a specific date. *See* Tr. 343-344. At trial, his defense was

> **his denial that the acts in question ever occurred, regardless of when the acts were alleged to have occurred. Put another way, [his] defense to the allegations of sex abuse were that the allegations were entirely false; we do not see how changing the**

**date range during which the abuse occurred would affect his defense.**

*State v. Harris*, 2017-Ohio-578, 107 N.E.3d 658 (8th Dist.). *See also State v. Birt*, 2013-Ohio-1379, 5 N.E.3d 1000, ¶ 33 (12th Dist.).

{¶14} Third, the trial court gave Cook the opportunity to continue the trial to give the Defense the time to adjust its strategy. The trial court's offer was consistent with Crim.R. 7(D). However, Cook declined the opportunity to have the trial continued to a later date.

{¶15} Fourth, while Cook denied having committed these offenses at trial, he admitted to committing these offenses in a recorded police interview that was played before the jurors at trial. Tr. 409-411, 424. Ex. 30. Specifically, he admitted that ME saw him masturbating in his garage; that ME saw him ejaculate in his garage; that he saw ME undressed on his bed; and that he made oral contact with ME's genitalia. Ex. 30-31. On May 4, 2018, Cook also wrote an apology letter to ME and her family in which he stated that he was "So sorry to everyone this has affected." Ex. 32. He further stated:

> **I totally messed up. I did something that was only for a few seconds. But that was long enough. I could not sleep for a few days because I felt so bad about what I had done. I almost couldn't live with myself. But we remained friends. * * * She said she didn't want to do that again (the incident). I told her "I know [ME], me neither. I am so sorry."**

Ex. 32. This letter was admitted into evidence at trial. Tr. 423. During cross-examination, Cook admitted that he had written this letter. Tr. 423. For these

reasons, Cook was unable to demonstrate that he was prejudiced by the trial court's decision to permit the State to amend the indictment.

*Conclusion*

**{¶16}** We conclude that the trial court did not abuse its discretion in permitting the State to amend the dates in the indictment. Further, the trial court did not err in denying the Defense's motion for a mistrial. For these reasons, Cook's sole assignment of error is overruled. Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Auglaize County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**ZIMMERMAN, P.J. and SHAW, J., concur.**

**/hls**